THE GEORGIA RAILROAD AND BANKING COMPANY, plaintiff in error, *vs.* WILLIAM D. SEYMOUR, administrator, defendant in error.

1. When a suit is brought against the Georgia Railroad Company, *ex contractu,* in a county other than Richmond, although the defendant may plead to the merits, it is incumbent on the plaintiff to show that the contract was made or to be performed in the county where the suit is brought, and on failure of the plaintiff to make such proof, the defendant may move to dismiss for want of jurisdiction.
2. Where an agent of the Georgia Railroad Company, in the county of Greene, is claimed by the principal office at Augusta to be in arrears, and he pay up, at Augusta, the amount claimed, and afterwards sues to recover back the money, this is a suit on an implied contract to repay the money if not properly paid, and it is neither made or to be performed in Greene county.

TRIPPE, Judge, dissented.

Railroads. Contracts. Jurisdiction. Pleadings. Before Judge BARTLETT. Greene Superior Court. March Term, 1873.

John C. Carmichael brought assumpsit against the Georgia Railroad and Banking Company for $627 90, besides interest. The defendant pleaded the general issue. Upon the trial the plaintiff testified, in brief, as follows : Was agent of the defendant at Greensboro for eight months; after he ceased to be agent, he went to Augusta to the office of the principal bookkeeper of the defendant, for a settlement ; he admitted that he owed the defendant $263 02 ; said bookkeeper told him that the books in his office showed that plaintiff was indebted to the defendant, in addition to the above amount, the sum of $627 90 ; he also threatened to sue the plaintiff and his securities unless he paid up the last amount. Rather than suffer his securities to be annoyed by a suit, he paid up said sum ; this suit is brought to recover that amount.

At this stage of the case the defendant moved to dismiss the action for want of jurisdiction in Greene superior court. The motion was overruled and defendant excepted.

The jury found for the plaintiff. The defendant moved for a new trial, amongst other grounds, because the court refused to dismiss the suit for want of jurisdiction. The motion was overruled and defendant excepted.

The plaintiff having died after writ of error brought, his administrator was made a party in this court.

J. A. BILLUPS, for plaintiff in error.

. REESE & REESE, for defendant.

McCAY, Judge.

1. The case of a suit against a railroad company in a county other than the county of its principal place of business, is one where the jurisdiction turns on the subject matter. It is not the case of a plea of want of jurisdiction of the person ;

Georgia Railroad and Banking Company *vs.* Seymour.

that is waived by appearance and pleading to the merits. But in these cases the right to sue in the county in which the suit is brought turns on the locality of the cause of action. It must appear on the face of the pleadings that the cause of action originated, that is, that the contract was made or to be performed in the county; it is that which gives the jurisdiction, and that was alleged in this declaration, and it was the duty of the plaintiff to prove it. To do so involved an inquiry into the whole case, and a plea to the jurisdiction would have involved an inquiry and a trial of the merits. In such cases the denial of the plaintiff's right to recover denies the jurisdiction. Would a party, by failing to plead to the jurisdiction in abatement, in an action of ejectment, waive the right to have an action to try titles tried in the county where the land lies? We think this is just such a case. The jurisdiction is of the subject matter; that cannot be conferred by waiver. If it appear on the trial, the party may except. If he failed to except or object, and the proper allegations were in the declaration, he would be barred. But he does this as soon as it appears from the plaintiff's proof (which he must make) that the court does not have jurisdiction of the subject matter. Suppose in a justice court the suit was for $99.00, and it appeared on the trial that the claim was in fact for $105 00, how can the defendant know what the plaintiff will prove until by the facts, as the plaintiff makes them, the truth appears? We think this is not the case of a plea to the jurisdiction of the person, but an objection that the plaintiff has, by his own proof, shown that the court has not a right to try the subject matter.

2. Under the facts as proven, the case was not one which the superior court had power, under the law, to try; the contract was not made or to be performed in Greene county: Code, section 3406. The money, if paid improperly, was paid in Richmond, and the law raised, if it was paid improperly, an implied promise then and there to pay it back; that is the plaintiff's right of action.

Judgment reversed.

WARNER, Chief Justice, concurred.

TRIPPE, Judge, dissenting.

I do not think there was any error in the judgment of the court below in overruling the motion for a continuance, and also the motion for a new trial, because of the *laches* and want of diligence on the part of defendant, and dissent from the judgment of reversal based upon the other grounds.

In my opinion, where such an action as the one in this case, is brought against a railroad company, and the defendant pleads to the merits, including a plea of set-off, and does not plead to the jurisdiction, it (the company) cannot, on the trial, raise an objection to the jurisdiction by motion to dismiss, because of facts appearing in the proof that the contract was neither made nor was to be performed in the county where suit is pending. Such omission to plead, and such pleas to the merits, amount to a waiver of the question of jurisdiction as much as they would in cases of suits against individuals. The residence of an individual defendant is as much a necessary condition to the jurisdiction, in a suit against him, as are the facts which are required to give jurisdiction in an action against a railroad company, conditions necessary to sustain the latter suit. If it is a right or privilege which may be waived in the one case, it is the same in the other, and whatever will amount to a waiver by the citizen, will be equally so when done by the corporation.