Moss, adm'r, *vs.* Keesler.

## Moss, administrator, *vs.* KEESLER.

[BLECKLEY, Judge, having been of counsel in this case, did not preside.   Hon. GEORGE HILLYER, judge of the superior courts of the Atlanta circuit, was designated by the governor to take his place.   JACKSON, Judge, did not preside on account of providential cause.]

If a pending suit be dismissed by the plaintiff, and before such dismissal the original cause of action had become barred by the statute of limitations, the privilege given by section 2932 of the Code, of renewal within six months, belongs personally to that particular plaintiff, and if a new suit be commenced, though on the same cause of action and within the six months, but by another and different plaintiff, the pendency and dismissal of such former suit will not avoid the bar of the statute.

Practice in the Superior Court.    Actions.    Statute of limitations.    Before Judge RICE.    Banks Superior Court. October Term, 1877.

Reported in the opinion.

S. P. THURMOND; W. J. PIKE, for plaintiff in error.

GEORGE M. NETHERLAND; JAMES J. TURNBULL, for defendant.

HILLYER, Judge.

Ralph Banks, a citizen of Georgia, in his lifetime, was the holder of a promissory note for $600, payablè to bearer, due at one day after date, made by William Keesler, and dated February 4th, 1868.    Banks died, and A. C. Moss, also a citizen of Georgia, became administrator on his estate. Moss sent this note to Charleston, South Carolina, and made a purchase from Bates & Co. of $40 worth of goods on his own account, and pledged the note as collateral security therefor.    Bates & Co. brought suit on the note in the United States court at Atlanta.    Keesler pleaded that Bates & Co. were not the real owners of the note, but that it belonged to A. C. Moss, as administrator, who, being a citizen of this state, that court had no jurisdiction.    The cause came to trial, and, after the evidence was all in, and the court had charged the jury, but before verdict, the plaintiffs dismissed their case.    The order of dismissal was dated 23d of October, 1876, being more than six years from the time the note matured.    Afterwards, and within six months, a suit was brought on the same note, in the name of Moss as administrator, in the superior court of Banks county, of this state.    The defendant pleaded the statute of limitations.    The plaintiff replied the pendency and dismissal of the former suit on the same note in the federal court, and sought thereby to bring himself within §2932 of the Code, which provides for the renewal of suits by the plaintiff

within six months after dismissal.   On the trial of the second suit, S. P. Thurmond testified to the deposit of the note with Bates & Co. as collateral security, and stated that it may have been in contemplation to have suit brought in the federal court, and he thought such was the case.   The presiding judge, on motion of the defendant, awarded a non-suit, and this bill of exceptions is prosecuted, seeking to reverse that judgment.

The plaintiff in error claims that, under the facts stated, the federal court had jurisdiction of the former suit, and that upon its voluntary dismissal by Bates & Co., a valid right existed in them to sue again within six months after such dismissal, although more than six years had then elapsed from the time the cause of action accrued, and that if such right of action existed in Bates & Co., it would be presumed to pass with the note when it was re-delivered into the hands of A. C. Moss, administrator; and that Moss, though a different plaintiff from those who instituted the former action, might claim the benefit of the renewal within six months, and that this right may be as well exercised by bringing the second suit in the state court, as to bring it in the same forum where the former suit was pending.   To this it is replied, in behalf of the defendant in error, that the federal court had, under the facts stated, no jurisdiction, and therefore the former suit was a mere nullity, and was not such a valid action as could operate in favor of the plaintiff to save the bar of the statute of limitations; and, further, that whether this be so or not, the present suit is brought by a different plaintiff from those in the former suit, and that the right of renewal, if it existed at all in the former plaintiffs, has never passed, either by operation of law or by contract, from such former plaintiffs to the present plaintiff, and that the statute allowing the privilege of renewal, does not apply to a former suit pending in the federal court.

Section 2932 of the Code prescribes that if a plaintiff is non-suited, or shall discontinue or dismiss his case, and shall re-commence within six months,  such renewed case

shall stand on the same footing, as to limitations, with the originalcase. The language of this section, by force of its own terms, and construed in the light of the evil which the act of 1847, from, which it is taken, was intended to remedy, shows plainly that the legislature intended by it to confer on the actual plaintiff in the suit the privilege of renewal. It is a personal privilege, conferred on him as a litigant before the court, and without any reference to his cause of action, or any right dependent on the cause of action involved in the suit.

Prior to this statute, it often happened that the plaintiff, after being at great expense in counsel fees and costs, by some accident, or inadvertence, or variance, not affecting the real merits of the case, was compelled to dismiss the suit; and if, in the meantime, his cause of action had become barred by the statute of limitations, although the real justice of the case might be with such dismissing plaintiff, yet he would lose his rights. To remedy this evil, it was provided that if the plaintiff brought another suit on the same cause of action, within six months from such dismissal or non-suit, his case should stand on the same footing as to limitations as the original action stood. This applied to every species of suits, ejectment, trover, case, as well as *assumpsit*, and, under this section, the principle is the same, whether a bill of sale, or a deed, or a negotiable promissory note, is the foundation of the suit. Whilst it is true, as a general principle, in the case of a promissory note or other negotiable instrument, that if the note in question be valid, and capable of enforcement in the hands of any particular holder, and such holder transfer it, by indorsement, if payable to order, or by delivery, if payable to bearer, the transferee will take the same rights under the note as the former holder had. This principle is applicable to such incidents as attach to the right given and the contract evidenced by the note, and does not necessarily include such as appertain separately and distinctly to the remedy for its enforcement. If, for instance,

a note be secured by a mortgage, or by collaterals, a transfer of the note will carry the securities with it as incidents. A new promise to pay the amount of the note will pass with such note when assigned to another.

But these all relate to the contract, and are incident to the contract.

The privilege of renewal within six months after dismissal of a former suit, appertains alone to the remedy, and springs out of the statute. It exists as a personal privilege in favor of the particular plaintiff or plaintiffs in the original action, and that privilege would have existed if the case had been in ejectment, just the same as in case of a suit on a promissory note.

If this had been an action for land, and the plaintiff had dismissed the suit, and afterwards deeded the land to A. C. Moss, as administrator, and a prescription ripened in the meantime in favor of the defendant, could it be said that Moss might maintain ejectment and rely on the former suit to prevent the bar of the statute, when he was a total stranger to the former proceedings; had incurred none of costs or expenses of the former suit, and is neither within the spirit or the letter of that section of the Code by which the question is controlled? The language is, "shall dismiss *his* case and shall recommence within six months." Moss was never a plaintiff in any former suit, and never dismissed any former suit; so that it could not be said that the second suit was a *renewal* by *him*. As to him, the proceeding was *de novo*. No steps were taken to place Moss in the shoes of the former plaintiffs, or to bring him in a position where he might claim the benefit of any privileges acquired by such former plaintiffs. The record is entirely silent as to how the custody of the note passed, after such dismissal, from the possession of Bates & Co. into the custody of Moss; and we are left to presume that Moss became again the rightful holder, and we are asked to go further, and suppose that he became legally the successor of Bates & Co. in the privilege of renewal. If the second suit had been brought in the name of

Bates & Co., for the use of Moss, this difficulty might have been avoided. We do not say it would, but that it might have been. We have great doubt whether §2932 applies to cases in the United States courts, dismissed there, and afterwards brought in the State courts; but we presume that if the court below had been of the opinion that the statute does apply, and that the present plaintiff was in a condition to avail himself of it, he would have left it to the jury to say whether the facts proven show that a citizen or citizens of South Carolina were *bona fide* and in reality holders of the note at the time they brought suit on it against a citizen of Georgia; and he would have instructed the jury, that if such citizens of South Carolina were suing *bona fide* in the federal court for the purpose of enforcing a claim held in good faith, then that court would have jurisdiction; but that if the tranfer of the note was merely colorable, and the real title remained in Moss as administrator, that court would not have jurisdiction, and that the pendency of such former suit in a court having no jurisdiction would be regarded as a mere nullity, and would not be such a former action as would give six months privilege of renewal. We think that a plea to the jurisdiction is a means of defense, and that where it is necessary to defeat the jurisdiction for the defendant to inquire into the title to the note, he may do so, and that, practically, if on the trial of this case in the court below, it had reached that status, it would have been necessary for the court and jury to place themselves in the shoes of the federal court, and to investigate and pass upon the question just as the federal court would have done. And if it appeared that the jurisdiction existed, it would be sufficient; if the jurisdiction did not exist, the alleged former action would go for nothing, and the statute of limitations be unaffected by it.

We think, however, that it was unnecessary to submit these questions to the jury, because it is evident if the jury had found that the federal court did have jurisdiction, and -hat the former suit was valid, as a basis for the six months

privilege of renewal in favor of Bates & Co., yet there was nothing in the evidence adduced at the trial by which it could be said that this personal privilege of such former plaintiffs inured to Moss; and we think that the present plaintiff could not, under this evidence, take any benefit whatever from the pendency of such former suit. This necessary link in the case being wholly wanting, and appearing neither by the averments or the proof, we think the judge below did right in awarding a non-suit.

Judgment affirmed.