## HALL & RUCKEL *vs.* LAREY.

Dabney & Company sold and delivered to Larey a stock of goods under the following bill of sale:

"Dabney & Company agree to turn over to said Larey upon a conditional sale their stock of drugs and fixtures, as per invoice agreed upon by them, amounting to nine hundred and thirty dollars, said Larey agreeing to pay down cash three hundred dollars, and to give bankable notes for the balance, as follows (stating the amount of each note and the date when the deferred payments fell due). Said Larey agrees to meet each one of these notes as they become due, and should he fail to meet any one of them at maturity, said Dabney & Company shall have the right to enter and recover their interest in said stock of drugs at the time of such default, by going in possession of said stock by virtue of this conditional sale without process of law; this transaction being a sale of conditions; said Dabney & Company retaining an interest in said stock, and said Larey being in possession of the same, subject to within described conditions; said Dabney & Company agreeing to lift the mortgage held upon said stock by Judge Joel Branham and to protect Larey from any trouble from the same. Said Larey assumes the lease," etc.:

*Held,* that the sale and delivery of the goods under this contract vested a defeasible title in the purchaser, subject to be divested upon his failure to perform any of the stipulated conditions which, by the terms of the contract, he was bound to perform; and a judgment subsequently obtained against the vendors could not subject the property.

(*a.*) It is only in cases where the title is expressly reserved by the seller until the performance of some condition by the buyer that a third party subsequently acquiring a lien against the seller can enforce it upon the property thus sold; and this he cannot do, if he had notice of the transaction; for as between the parties, it is legal and valid.

November 11, 1884.

Contracts.   Title.   Liens.   Vendor   and   Purchaser. Judgments.   Before   Judge   BRANHAM.   Floyd   Superior Court.   September Adjourned Term, 1883.

Reported in the decision.

JUNIUS F. HILLYER, for plaintiffs in error.

C. N. FEATHERSTON, for defendant.

HALL, Justice.

On the 14th day of April, 1883, Dabney & Company sold and delivered to Larey their stock of drugs, upon the terms contained in the following bill of sale, to-wit:

"Dabney & Company agree to turn over to said Larey upon a conditional sale their stock of drugs and fixtures, as per invoice agreed upon by them, amounting to nine hundred and thirty dollars, said Larey agreeing to pay down cash ($300) three hundred dollars, and to give bankable notes for the balance, as follows:

One note for $100.00, due May 1st, 1883; one note for $30, due May 15th, 1883; one note for $100.00, due June 1st, 1883; one note for $100.00, due July 1st, 1883; one note for $100.00, due August 1st, 1883; one note for $100 00, due September 1st, 1883; one note for $100.00, due October 1st, 1883.   Each note bearing 8 per cent interest per annum.

Said Larey agrees to meet each one of these notes as they become due, and should he fail to meet any of them at maturity, said Dabney & Company shall have the right to enter and recover their interest in said stock of drugs at the time of such default, by going in possession of said stock by virtue of this conditional sale, without process of law; this transaction being a sale of conditions; said Dabney & Company retaining an interest in said stock of drugs, and said Larey being in possession of the same, subject to within described conditions; said Dabney & Company agreeing to lift the mortgage held upon said stock by Judge Joel Branham, and to protect said Larey from any trouble from the same.   Said Larey assumes the lease upon the Sheibley store until September 1st, next, said store being the room now occupied by said Dabney and containing said stock."

The plaintiffs obtained a judgment on the 4th day of May, 1883, against Dabney & Company, from which the execution issued that was levied on the stock of drugs

then in possession of Larey, who interposed his claim thereto. The issue formed upon this levy and claim was, by consent of parties, tried, both as to matters of fact and law, by the presiding judge without the intervention of a jury. The execution was levied on the 16th day of June, 1883, and prior to that time, about the twenty-fifth day of May, Dabney & Company made and signed the following receipt, endorsed on the contract of sale from them to claimants of the stock of drugs in question. " On payment of the within claim, receipt whereof is hereby acknowledged, this claim stands void and of non-effect." The court found the issue in favor of claimant, and the plaintiff in execution excepted.

The only question made here is, whether Dabney & Company by this contract parted with the title to the goods levied on; if they did not, it is conceded that they were subject to pay the plaintiffs' judgment. The court below held, and we think correctly, that the sale and delivery of the goods, upon the terms of the agreement, vested a defeasible title to the same in the purchaser, subject to be divested upon his failure to perform any of the stipulated conditions, which, by the terms of the contract, he was bound to perform. It is only in cases where the title is expressly reserved by the seller until the performance of some condition by the buyer, that a third party subsequently acquiring a lien against the seller can enforce it upon the property thus sold, and this he cannot do if he had notice of the transaction, for as between the parties it is legal and valid. Fosdick vs. Schall, 99 U. S., 235; 1 Benjamin on Sales, §425, and cases cited in notes; Id., §426, and cases in notes. In this case there is certainly no express reservation of the title to the goods by the sellers; all that they retain is an " interest " in them, for the specified purpose of securing the performance of certain conditions agreed to by the buyer. The sellers expressly undertake to relieve the stock of goods from the encumberance of a mortgage held by one of their creditors.

The contract was one of sale, with a mortgage by the buyer to the sellers to secure so much of the purchase money as remained unpaid. It is not clear that it was the intention of the parties that the buyer should perform the stipulated conditions before the title to the property sold should vest in him; the very nature of the thing sold and the disposition which it was evidently contemplated the purchaser should make of it, would lead to a different conclusion. Even if this intention were more doubtful than it is, it would be the duty of the court to hold them to be conditions subsequent, liable, upon the default of the party making to perform them, to a forfeiture of the property sold and delivered. Code, §2295; 15 *Ga.*, 103.

Judgment affirmed.