COX *v.* THE RICHMOND AND DANVILLE RAILROAD CO.
MOSELEY *v.* SAME.  PERKINS *v.* SAME.

1. A declaration sounding in tort, against a railroad company for violation of its duty as a common carrier, is not amendable by converting it in whole or in part into an action upon contract to carry.
2. Where the declaration sets forth a cause of action and lays damages in general terms, it is not vitiated by a clause which sets up that "the entire injury is to her peace, happiness and feelings," although this theory of the injury be incorrect. The action is maintainable for the real injury embraced in the facts set out in the declaration.

October 19, 1891.

Actions. Amendment. Railroads. Damages. Before Judge VAN EPPS. City court of Atlanta. March term, 1891.

The declarations of Miss Cox, Mrs. Moseley and Mrs. Perkins each alleged: The Richmond & Danville Railroad Company operates, under a lease or otherwise, the Georgia Pacific Railway Company. About August 27, 1889, petitioner bought a ticket over the Georgia Pacific railroad from Atlanta to Salt Springs and return. With her were two of her sisters. She had expected a party of friends to go and return with them; the party did not go, but she thought she and her sisters could safely go alone, as they would be met on their return to Atlanta by Mrs. Moseley's husband. She went to Salt Springs, and about 9:30 o'clock in the evening of the same day took the return train for Atlanta. She lives near Simpson street crossing in Atlanta; and had been

informed that the Georgia Pacific train stopped at that crossing. When they took the train at Salt Springs, they informed the conductor they wished to get off at Simpson street crossing, and he said "all right." She was a passenger of defendant and gave the conductor a ticket which constituted payment of her fare. On the way to Atlanta an employee of the company came through the cars calling out stations; whenever stations were called, and about the time she expected Atlanta to be reached, this employee came through the car and called Simpson street just as he had called previous stopping places immediately before reaching them. She had heard that the stop at Simpson street was very short, and when he called she and her sisters therefore got up and went towards the door so that they would not be left. When they got to the door and upon the platform they asked if it was Simpson street, and this employee said, "Yes, come this way," he being then upon the ground. He helped her to the ground and as soon as she and her sisters were on the ground the train started off. Looking around to find her husband, they were horrified to discover that they were alone at night in the woods, they did not know where nor how far from Atlanta. They almost sank to the ground with fright. A few moments after, hearing voices, and not knowing why they had been thus left far from the city, fearing it might be ruffians, they started to flee to the woods, but hearing female voices, waited, and in a few minutes found that the persons were a gentleman and two ladies. Explaining, so far as their fear would permit, what had occurred, they were brought by the gentleman within two miles of Atlanta, but he could bring them no further because of the other ladies who were in his care; and petitioner and her sisters walked the remainder of the way home alone. They knew nothing of a large part of the way

over which they came, except that it was a dangerous and unsafe place for ladies to be alone. She suffered an agony of fear, and when she reached home was so prostrated and her nerves so unstrung as to render her almost helpless, and it was many days before she recovered. Defendant owed her and her sisters extraordinary diligence, but was guilty of the grossest negligence. It knew from its employees that she and her sisters were traveling alone and expected her [husband] to meet them at Simpson street crossing, but defendant's employee, for whose conduct it is liable, with reckless carelessness announced Simpson street and hurried them from the train, leaving them alone in the woods. The entire conduct of defendant constituted aggravating circumstances both in the act and intention, and she asks for additional damages to deter defendant from a repetition of such conduct, and as a compensation for her wounded feelings. Her husband wrote to defendant about the occurrence and asked what satisfaction it was willing to render, but to this letter it paid no attention, except to deny all liability or blame, without any sufficient investigation. It was further alleged that the entire injury in the case was to the peace, happiness and feelings of petitioner.

The amendment offered was to this effect: Her contract was to be carried to and be put off at Simpson street; this contract was broken as before set forth, and by reason of this breach of contract and as a natural and necessary result thereof she was confined to her room for several days, suffered great physical pain, her health was permanently impaired, and she incurred an expense of $25 for doctors' bills and medicine.

HOKE & BURTON SMITH and J. R. WHITESIDE, for plaintiffs.

JACKSON & JACKSON and W. S. UPSHAW, for defendant.

Simmons, Justice.

These cases were argued together. The petitions contained the same allegations, and were dismissed by the court for the same reasons; and the decision in one case will control the others. They were actions for damages for a tort committed upon the plaintiffs by the servants of the railroad company in causing them to leave the train at the wrong station.

1. The allegations in the petitions were sufficient to authorize a recovery by the plaintiffs for the actual damages sustained, and for the pain and suffering endured in being left in the woods and in traveling to their homes on foot in the night-time. The fact that they alleged "the entire injury" was to their "peace, happiness and feelings," did not destroy the force and effect of their former allegation in regard to their general damages. A court must construe a declaration according to the facts set out therein, and not according to the conclusions of the pleader. If the allegations in the declaration set out facts which make it an action on the case, and the pleader erroneously styles it an action of *assumpsit,* his calling it *assumpsit* does not make it so if the facts pleaded show it is case. We think, therefore, the court erred in dismissing these cases because the pleader alleged that the entire injury to the plaintiffs was to their peace, happiness and feelings. If the pleader had stated in the declaration that upon the facts set out, no damages were *claimed* except those arising from the injury to the peace, happiness and feelings, possibly the court would have been right in dismissing the cases. But the pleader did not do this. He alleged sufficient facts to authorize the recovery of general damages; and this being so, the fact that he undertook to classify the damages and classified them wrong, would not authorize the court to dismiss the case when the declaration showed that she was entitled to recover general damages.

2. There was no error in disallowing the amendments offered by the plaintiffs in the court below. As we have already remarked, these were cases sounding in tort, and the amendments offered were counts sounding in contract; and we think, under our code, an action sounding in tort cannot be amended by adding a count sounding in contract.      *Judgment reversed.*