## LAMB, receiver, *v.* HOWARD.

1. A petition alleging that the plaintiff shipped to his own order certain machinery over the line of railroad of the defendant company to a station in another county in this State, that without his order or consent the property was unlawfully delivered to a third person, and that this unlawful delivery amounted to a conversion, and praying for judgment for the value of the property with interest from the date of the unlawful conversion, was an action ex delicto, and could not be changed by amendment into an action ex contractu.

2. Where a petition containing the allegations just indicated was demurred to upon the ground, among others, that the courts of the county in which the alleged wrongful conversion took place had jurisdiction of the suit, and not the superior court of another county in which the suit was brought, and the court passed an order sustaining the demurrer, "with ten days leave to amend," and the plaintiff added an amendment seeking to convert the case into one ex contractu, and this amendment was allowed subject to demurrer, the court erred in overruling the defendant's general demurrer to the amendment, and to the petition as amended, based upon the ground that the amendment added a new cause of action.

SEPTEMBER 21, 1916.

Complaint. Before Judge Bell. Fulton superior court. December 29, 1914.

George P. Howard filed suit against E. T. Lamb, receiver of the Atlanta, Birmingham & Atlantic Railroad Company, alleging, that the plaintiff delivered to the defendant, for shipment from Atlanta to Senoia, Georgia, over the named railroad, six car-loads of freight, consisting of cotton-mill machinery, billed to himself as consignee, for which the shipper received a bill of lading, a copy of which was attached to the petition; and that all the cars reached Senoia by the 31st day of May, 1910. It is further alleged: "That notwithstanding each and all of said cars of machinery were shipped by the plaintiff as consignor to himself as consignee,

the Atlanta, Birmingham & Atlantic Railroad, which was then being operated by its receivers, delivered each and all of said cars of machinery to a certain corporation known as the Senoia Duck Mills, the said delivery being made without any order from this plaintiff, and without his consent, to the Duck Mills by the agent of the receivers of the railroad company, which was an unlawful conversion by the said carrier of the property of this plaintiff. That the said machinery which was unlawfully delivered to the Duck Mills and converted by the carrier was of the total value of forty-four thousand, three hundred, sixty-three dollars, and thirty-two cents, which is shown by an itemized statement hereto annexed. . . That the defendant as receiver is indebted to the plaintiff, by reason of the facts heretofore set forth, in the sum of $44,363.32, the value of said property at the time of said unlawful conversion, together with interest thereon at seven per cent. per annum from the 10th day of June, 1910, for which he asks judgment." The defendant demurred generally to the petition, on the ground that "the petition itself shows that the cause of action in said petition stated, if any, arose outside of Fulton County, Georgia, and in Coweta County, Georgia, and on its face shows that the conversion complained of took place, if at all, in Coweta County, Ga., and on its face shows that said receiver, as receiver of the Atlanta, Birmingham & Atlantic Railroad Company, as in said petition stated, was operating a railroad in said county at the time said alleged conversion took place, and had an officer or agent in said Coweta County upon whom service of process could be perfected." Upon hearing argument upon the demurrer the court passed the following order: "This demurrer is sustained, with ten days leave to amend grounds. Oct. 10th, 1914." On October 20, 1914, the plaintiff filed an amendment adding to the paragraph which alleged a wrongful delivery, which constituted an unlawful conversion, the following: "the defendant thereby making a breach of its said contracts, as evidenced by said bills of lading, to safely carry and deliver the said machinery and property to the plaintiff at Senoia, Georgia, for which breach of contract the plaintiff has brought this suit against the defendant." The defendant demurred generally to the amendment, and to the petition as amended, contending that the amendment "does not amplify or enlarge the original petition, but seeks to set up a new cause of action; and

that the original petition, being an action ex delicto, is not subject to amendment as amended, that is to say, inasmuch as the amendment seeks to set up an action ex contractu, said amendment seeks to set up a new cause of action." The court overruled the demurrer, and the defendant excepted.

*Brandon & Hynds* and *Stiles Hopkins,* for plaintiff in error.

*George Westmoreland* and *George T. Northen,* contra.

BECK, J. (After stating the foregoing facts.) We are of the opinion that this was clearly an action ex delicto. As will be seen by reading the original petition, the plaintiff alleges that the defendant railroad company unlawfully delivered the property in controversy, not to the plaintiff or his order, but to a certain corporation known as the Senoia Duck Mills, and that this delivery without an order from the plaintiff and without his consent was an unlawful conversion by the carrier of the property of the plaintiff; that this property, the machinery shipped, which was unlawfully delivered to the Duck Mills and thus converted by the carrier, was of the value of $44,663; and plaintiff asks judgment for this amount as the value of the property at the time of the alleged unlawful conversion, with interest thereon from the date of the conversion. Thus in apt phraseology the pleader stated a complete cause of action ex delicto. That being true, it was not competent by an amendment to change the action into one arising ex contractu, and objection to the amendment based upon the ground that by the amendment the plaintiff sought to set up a new cause of action should have been sustained. *Sharpe* v. *Columbus Iron Works,* 136 *Ga.* 483 (71 S. E. 787) ; *Gilleland* v. *Louisville &c. R. Co.,* 119 *Ga.* 789 (47 S. E. 336) ; *Cox* v. *R. & D. Railroad Co.,* 87 *Ga.* 747 (13 S. E. 827). The amendment tendered in this case, which is set forth in the statement of facts, being one seeking to change the cause of action from one ex delicto to one ex contractu, and that not being allowable, the court should have sustained the demurrer to the amendment and also the general demurrer to the petition as amended, the amendment having been allowed subject to demurrer.

The action here brought is of such a character that the courts of the county in which the injury complained of was done by the defendant alone had jurisdiction of the suit to recover damages for the wrong done. In section 2798 of the Code of 1910 it is

54

provided that "All railroad companies shall be sued in the county in which the cause of action originated, by any one whose person or property has been injured by such railroad company, its officers, agents, or employees, for the purpose of recovering damages for such injuries;" and we are of the opinion that the petition in this case declares upon such an injury to personal property as gave to the court of Coweta County jurisdiction of the suit against the defendant railroad company, and the suit could be brought in that county, and no other, under the provisions of the code section last referred to. The defendant in error insists that if the suit as filed is one ex delicto, it is not to recover damages for injury to property. To this contention we can not assent. We are of the opinion that the unlawful conversion of property is an injury to the property within the meaning of those terms as employed in the code section fixing venue of suits in certain cases against railroad companies. Civil Code, § 2798. We have not overlooked the decisions in the case of *Blocker* v. *Boswell,* 109 *Ga.* 230 (34 S. E. 289), and the cases upon which that case was based, where it is said that a conversion of personal property could not be called an injury to property. But in these cases the court was dealing with the meaning of those words in the portion of the constitution fixing the jurisdiction of justices' courts. Here we are dealing with the expression "injury to property" in its broad and general sense; and that, according to the general and uniform interpretation of those terms, is broad enough to comprehend a wrongful conversion of property. *Crawford* v. *Crawford,* 134 *Ga.* 114 (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932), and citations; Broom's Com. Law (9th ed.), 782; 3 Bl. Com. 152. Consequently the petition in this case shows upon its face that the courts of Coweta County alone had jurisdiction of this suit, and that the superior court of Fulton County did not have jurisdiction. And this appearing upon the face of the petition, it should have been dismissed upon general demurrer.

*Judgment reversed. All the Justices concur, except Gilbert, J., not presiding.*