## LAMB, receiver, *v.* HOWARD.

Where suit was brought against a railroad company to recover damages for a tort committed in another county in this State, and was dismissed by the plaintiff after the rendition of a decision by this court holding that the court of the county in which the suit was brought had no jurisdiction of the case, the suit might be brought again within six months of the dismissal in the county in which the cause of action originated, although the bar of the statute of limitations would attach but for the pendency of the first suit.

No. 1492. FEBRUARY 14, 1920.

The Court of Appeals certified the following question (Case No. 10013):

"Under section 2798 of the Civil Code, providing that in certain kinds of cases 'all railroad companies shall be sued in the county in which the cause of action originated,' and that 'any judgment rendered in any other county than the one in which the cause so originated shall be utterly void,' and in view

of the decision in the case of *Atlanta, Knoxville & Northern Railway Co.* v. *Wilson,* 119 *Ga.* 782, was the entire proceeding in a case to which these provisions applied and in which the Supreme Court held that 'the petition shows upon its face that the courts of Coweta county alone had jurisdiction of this suit, and that the superior court of Fulton county did not have jurisdiction,' and 'it should have been dismissed upon general demurrer' (145 *Ga.* 850), so utterly void as to prevent renewal of the action within six months, so that the renewed case should stand upon the same footing, as to limitation, with the original case, as provided in section 4381 of the Civil Code, where the losing party dismissed his case before the remittitur from the Supreme Court was made the judgment of the court below?"

*Brandon & Hynds, Hatton Lovejoy,* and *A. H. Freeman,* for plaintiff in error.

*Westmoreland, Anderson & Smith,* contra.

Beck, P. J. On May 25, 1914, George P. Howard filed suit in the superior court of Fulton county, Georgia, against E. T. Lamb as receiver of the Atlanta, Birmingham and Atlantic Railroad Company, to recover a sum of money alleged to be the value of property delivered by him to the receiver in May, 1910, for transportation from Atlanta to Senoia, Georgia, which he claimed the receiver converted at Senoia, Georgia, by an unlawful delivery. In less than fifteen days the action would have been barred by the four-year statute of limitations. A general demurrer was interposed by the defendant, on the ground that the superior court of Fulton county, Georgia, had no jurisdiction of the case, for the reason that the conversion complained of took place, if at all, in Coweta county, and not in Fulton county. The court, upon argument, sustained the general demurrer, but allowed the plaintiff ten days in which to amend. The plaintiff did amend by alleging that his suit was for breach of contract, and not for the conversion. The defendant renewed his demurrer, which was overruled, and the amendment was allowed. Exceptions were filed by the defendant, and upon hearing the case the Supreme Court held that the action was ex delicto, and could not be changed by amendment into an action ex contractu; that the superior court of Fulton county did not have jurisdiction of the suit, and that the court erred in not sustaining the general

demurrer to the amended petition.  See *Lamb* v. *Howard*, 145 *Ga.* 847 (90 S. E. 63).

On March 24, 1917 seven years after the cause of action is said to have originated, George P. Howard filed his suit in the Coweta superior court, seeking to recover for the same alleged conversion.  In his petition he alleges that he had previously brought suit against the defendant in the superior court of Fulton county, that he voluntarily dismissed said suit on the sixth day of November, 1916, and that he brings the present suit within six months as a renewal of the original suit.  To this new suit the defendant demurred, on the grounds: that it set out no cause of action; that it was barred by the statute of limitations; that it did not appear that the prior suit was such a suit as would have tolled the statute of limitations; that the prior suit was filed in the superior court of Fulton county, Georgia, to recover for a conversion alleged to have taken place in Coweta county, Georgia; that the superior court of Fulton county had no jurisdiction of the prior suit, that any judgment rendered therein would have been utterly void, and that a renewal suit can not be brought within six months when the court in which the first suit was filed was without jurisdiction; and that the suit in the superior court of Fulton county, Georgia, was not such a case as the plaintiff could dismiss and recommence within six months.  The court, after argument, overruled this demurrer; whereupon the defendant excepted and brought the question to the Court of Appeals for review.

It is declared in section 2798 of the Civil Code, relating to the venue of suits against railroads and electric companies, that all railroad companies shall be sued in the county in which the cause of action originated, by any one whose person or property has been injured by such railroad company, its officers, agents or employees, for the purpose of recovering damages for such injuries; and that any judgment rendered in any other county than the one in which the cause so originated shall be utterly void.  And it is contended by counsel for the plaintiff in error, that, as in the proceedings against the railroad company in the suit brought in Fulton county any judgment rendered there would have been utterly void, the entire proceedings were a nullity and could not operate to toll the statute so as to prevent a bar of the statute,

if the statutory period had elapsed between the time of the alleged injury and the date of bringing the suit in Coweta county, which alone had jurisdiction. Counsel insists that section 2798 of the Civil Code is not merely a statute relating to venue, but takes away jurisdiction of such cases from the courts of counties other than the one in which the action originates; and that under the plain language of the statute, where suit for damages to recover for injuries to property in any county of this State is brought in some other county, a judgment rendered in the court of such other county is utterly void. Up to this point we agree with the contention of counsel for plaintiff in error. But we cannot agree with them to the extent of holding that suits brought in other counties than that in which the cause of action originated are utter nullities and have no effect whatever — not even the effect of tolling the statute. We have not overlooked the forceful argument made, that if the suit could result at the most in a judgment that was utterly void, the proceedings were necessarily void and amounted to nothing. Nor have we overlooked the numerous decisions cited in the brief of counsel for plaintiff in error; some of them to the effect that the suit brought elsewhere than as provided in the statute is void, and the defendant can not waive the question of jurisdiction by pleading to the merits; that a railroad company, expressly or by silence, can not give jurisdiction to a court of a county other than that in which the tort was committed; that the provisions of the statute are mandatory (*Summers* v. *So. Ry. Co.*, 118 *Ga.* 174, 45 S. E. 27; *Epps* v. *Buckmaster*, 104 *Ga.* 698, 30 S. E. 959) ; that jurisdiction of subject-matter can not be given by consent and can not be waived (*Dix* v. *Dix*, 132 *Ga.* 630, 64 S. E. 790; *South Carolina &c. R. Co.* v. *Dietzen*, 101 *Ga.* 730, 29 S. E. 292). We have also considered the cases where it has been decided that where a declaration was filed in the office of the clerk and no process was attached and no service effected, and no waiver made, the proceeding was void, and was properly dismissed at the trial term for that reason; that such defects were not amendable (*McGhee* v. *Mayor &c.*, 78 *Ga.* 790, 3 S. E. 670) ; and that such an action does not constitute the pendency of a suit, so as to prevent the bar of the statute from arising, thereby giving the plaintiff the right to bring a second action within six months of the dismissal

of the first (*Murray* v. *Hawkins,* 144 *Ga.* 613, 87 S. E. 1068). Nor have we overlooked the decisions holding that a petition for certiorari which does not plainly and distinctly set forth an assignment of error on any ruling or decision of the inferior judicatory is void, and being void, no renewal of it can be had within six months (*Citizens Banking Co.* v. *Paris,* 119 *Ga.* 517, 46 S. E. 638), and similar rulings in regard to attachments dismissed because void. Notwithstanding these decisions, the rulings in which are not questioned as being correct upon the facts of those cases, we are nevertheless of the opinion that the statute embodied in section 4381 of the Civil Code is a remedial statute, and is to be liberally construed so as to preserve the right to renew the cause of action set forth in a previous suit, wherever the same has been disposed of on any grounds other than one affecting the merits. *Atlanta, Knoxville & Northern Ry. Co.* v. *Wilson,* 119 *Ga.* 781 (47 S. E. 366). In the case last cited it is said: "The railroad company insists that it was ruled in *Wilson* v. *A., K. & N. R. Co.,* 116 *Ga.* 189 (42 S. E. 356), that the superior court of Cobb county had no jurisdiction. It contends, therefore, that the suit was void, did not arrest the running of the statute of limitations, and can not be used as a basis for a renewal within six months under the Civil Code, § 3786. It relies upon *Williamson* v. *Wardlaw,* 46 *Ga.* 126; *Ferguson* v. *New M. Co.,* 51 *Ga.* 609; *McLendon* v. *Hernando Co.,* 100 *Ga.* 219 (28 S. E. 152), that suits void for want of service,— *Hamilton* v. *Phenix Co.,* 111 *Ga.* 875 (36 S. E. 960); *Hill* v. *State,* 115 *Ga.* 833 (42 S. E. 286), that a void application for a certiorari,— *Edwards* v. *Ross,* 58 *Ga.* 149, that a void attachment,— *Moss* v. *Keesler,* 60 *Ga.* 44, that a suit in another State, or in the United States court, can not be relied on to prevent the running of the statute, nor to preserve the privilege of renewal. It relies particularly upon *Gray* v. *Hodge,* 50 *Ga.* 262; and *Moss* v. *Keesler,* 60 *Ga.* 44, where it was held that 'a suit in a court having no jurisdiction is no suit at all, but a mere nullity,' and can not be the foundation for the right of renewal. On the other hand, the defendant in error seeks to differentiate these cases, drawing the distinction between 'void' and 'voidable' suits; insisting that what was said in *Moss* v. *Keesler* as to jurisdiction was obiter, and that the case was rightly decided on the ground that a suit brought in the United States

court is not within the provisions of the Civil Code, § 3786. She also insists that *Gray* v. *Hodge* was rightly decided on grounds other than that relating to jurisdiction, as the renewal statute could not be used to save a case barred by the limitation act of 1869; that the court had no jurisdiction of the subject-matter, under the constitution of 1868, the consideration of the debt being a slave; that the judgment of dismissal of the first suit on the ground that the court had no jurisdiction was conclusive that the same court for the same debt had no jurisdiction in the second; and that what was written as to a void suit was obiter. She also relies on *Rountree* v. *Key*, 71 *Ga.* 214, where the petition alleged that the courts of Telfair county had jurisdiction, and the defendant filed a plea that he resided in Macon county. Acquiescing in the correctness of this plea, the plaintiff failed to prosecute his action; and the suit was dismissed after the bar had attached, but within six months it was renewed in Macon county, where the defendant then resided; and this court held that though the dismissal had not been by the plaintiff, it might be renewed in Macon county, saying 'that this court has gone to great lengths in permitting the renewal of suits within six months, so as not to be barred, if the original suit was not barred, so as to extend the provisions to almost any case where the suit was dismissed not on its merits.' It is not necessary to re-examine these cases, nor to determine whether there is any real conflict, and, if so, which line of authorities is to be followed. For here it is evident that the suit in Cobb county cannot be treated as void. It was sufficiently valid to be used as a means of abating the later suit brought in the city court of Atlanta. And if enough of a former suit to sustain a plea in abatement, it was enough of a suit to prevent the running of the statute, and to form a stock upon which the renewal suit might be grafted. When this court decided that the plea in abatement, because of the pendency of the former suit in Cobb county, was well founded in point of law and fact, it was necessarily adjudicated, in view of the Civil Code, § 5094, that 'the first action was not so defective that a recovery thereunder could not possibly be had.' It was not absolutely void; the court had jurisdiction of the subject-matter. In fact, in passing on the plea in abatement, it was distinctly recognized that the suit in Cobb county was far from being a nullity; for

it was expressly said that 'the defendant has surely been called upon to do something in the way of defending against the original action. If it had ignored that action, it would not, after a judgment therein, have been heard to say that the same was ' ineffectual.' *A., K. & N. Ry. Co.* v. *Wilson, 115 Ga.* 183 (41 S. E. 699). In selecting Cobb county as the venue in which her action was to be tried the plaintiff made a mistake, but was not guilty of such laches as to warrant the defendant in insisting that nothing had been done to interrupt the running of the statute. Section 3786 of the Civil Code was intended to afford relief from such mistakes, accidents, and errors. If the plaintiff had brought her suit properly, there would have been no occasion to discontinue. When the reason for discontinuance appeared, or was determined by the court, the statute allowed a renewal for the very purpose of avoiding the result of the error. · The mistake can not, then, be relied on to prevent the right to renew. Unless the case is an absolute nullity, the defective or improper suit may be used to nurse the cause of action into full life in the proper form and forum. The acts of 1847 and 1856 (Civil Code, § 3786) are remedial. The decisions of this court to that effect, in *Gordon* v. *McCalla, 73 Ga.* 699, *Cox* v. *Berry, 13 Ga.* 306, and *Rountree* v. *Key, 71 Ga.* 214, are in accord with the decisions of courts in other States under similar statutes. In *Coffin v.* Cottle, 16 Pick. 385, Chief Justice Shaw said: 'This is a remedial statute, . . and should have such construction as will best carry into effect the intent of the legislature. This statute is founded on the presumption that if a creditor had permitted his debt to remain a certain length of time without any attempt to enforce it, or to revive and perpetuate the evidence of it, it is paid or otherwise discharged. . . But this presumption does not arise if the creditor resorts to legal diligence to recover his debt within the time limited; and the proviso follows this obvious consideration, and declares that where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality which he can remedy or avoid by new process, the statute shall not prevent him from doing so, provided he follows it promptly, by a suit within a year.' " While some of that which is said in the *Wilson* case is not applicable to the subject-matter of the present inquiry, as the tort there sued on was committed in the State of Tennessee, much of the

opinion and the reasoning upon which the conclusion rests is applicable and pertinent. The plaintiff in error also relies upon the case of *Georgia R. &c. Co.* v. *Seymour, 53 Ga.* 499, wherein it was held: "When a suit is brought against the Georgia Railroad Company, ex contractu, in a county other than Richmond, although the defendant may plead to the merits, it is incumbent on the plaintiff to show that the contract was made or to be performed in the county where the suit is brought; and on failure of the plaintiff to make such proof, the defendant may move to dismiss for want of jurisdiction." The decision in the *Seymour* case was rendered by two Justices (the court at the time of making this decision consisting of three Justices), and one of them dissented. We can not concur in the entire opinion of the majority in that case, and are not bound thereby. It is true when the instant case was previously here the court said: "The petition in this case shows upon its face that the courts of Coweta county had jurisdiction of this suit, and that the superior court of Fulton county did not have jurisdiction." *Lamb* v. *Howard,* supra. This ruling goes no further than we are prepared to go now — no further than we are compelled to go under the plain language of the statute; but it is not a holding that the proceeding in Fulton county was such a complete nullity that it did not have the effect of tolling the statute so as to allow the bringing of a suit within six months after its dismissal.

*All the Justices concur.*