10013.  Lamb, receiver, *v.* Howard.

Smith, J.  In accordance with the answer made by the Supreme Court to the question certified to it in this case, the judgment of the court below, overruling the demurrer to the plaintiff's petition, is

*Affirmed.  Jenkins, P. J., and Stephens, J., concur.*
Decided February 18, 1920.

Complaint; from Coweta superior court—Judge Terrell.  July 6, 1918.

The case came to this court on exceptions to the overruling of a demurrer in which it was contended that the action was barred by the statute of limitations. The Court of Appeals certified to the Supreme Court the following question: "Under section 2798 of the Civil Code, providing that in certain kinds of cases 'all railroad companies shall be sued in the county in which the cause of action originated,' and that 'any judgment rendered in any other county than the one in which the cause so originated shall be utterly void,' and in view of the decision in the case of *Atlanta, Knoxville & Northern Railway Co.* v. *Wilson,* 119 *Ga.* 782 [47 S. E. 366], was the entire proceeding in a case to which these provisions applied, and in which the Supreme Court held that 'the petition shows upon its face that the courts of Coweta county alone had jurisdiction of this suit, and that the superior court of Fulton county did not have jurisdiction,' and 'it should have been dismissed upon general demurrer' (145 *Ga.* 850 [90 S. E. 63], so utterly void as to prevent renewal of the action within six months, so that the renewed case should stan'd upon the same footing, as to limitation, with the original case, as provided in section 4381 of the Civil Code, where the losing party dismissed his case before the remittitur from the Supreme Court was made the judgment of the court below?"

The headnote of the answer of the Supreme Court is as follows: "Where suit was brought against a railroad company to recover damages for a tort committed in another county in this State, and was dismissed by the plaintiff after the rendition of a decision by this court, holding that the court of the county in which the suit was brought had no jurisdiction of the case, the suit might be brought again within six months of the dismissal in the county in which the cause of action originated, although the bar of the statute of limitations would attach but for the pendency of the first suit." For the opinion of the Supreme Court in full, see 150 *Ga.* (102 S. E. 436).

*A. H. Freeman, Hatton Lovejoy, Brandon & Hynds,* for plaintiff in error.

*Westmoreland, Anderson & Smith,* contra.