Robinson, J.
 

 The sole question here for determination is whether Section 11273 of the General Code of Ohio controls, or whether the Transporta.tion Act of 1920, Section 206 (41 Stats, at L. 461; Section 10169g, Barnes’ Fed. Code [U. S. Comp. St. Ann. Supp., 1923, Section 1007114cc]), operates to override and suspend the state venue act.
 

 Section 11273, General Code, provides:
 

 “An action against the owner or lessee of * * *
 
 *639
 
 a railroad company, * * * owning or operating a railroad, * * * within the state, * * * may be brought in any comity through or into which such * * * railroad * * * passes or extends; provided that all actions against such owner, lessee or company for injuries to person or property, or for wrongful death must be brought in the county in which the cause of action or some part thereof, arose, or in the county in which the claimant for injuries to person or property or one whose wrongful death was caused, resides at the time when the cause of action arose, if the road or line of such owner, lessee or company or any part thereof be located in such county. If no part of such line or road be located in such county, then such actions may be brought in the county in which any part of such road- or line is located, nearest the place where the claimant for injuries to person or property or the one whose wrongful death was caused, so resided.”
 

 The Transportation Act of 1920, Section 206, provides:
 

 “
 
 (a) Actions at law, * # * based on causes of action arising out of the possession, use or operation by the President of the railroad * * * of any carrier (under the provisions of the Federal Control Act, or of the Act of August 29, 1916) of such character as prior to federal control could have been brought against such carrier, may, after the termination of federal control, be brought against an agent designated by the President for such purpose, * * *. Such actions, suits or proceedings may, within the periods of limitation now prescribed by state or federal
 
 *640
 
 statutes but not later than two years from tbe date of the passage of this act, be brought in any court which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier; * * *
 

 “(b) Process may be served upon any agent or officer of the carrier operating such railroad or system of transportation, if such agent or officer is authorized by la,w to be served with process in proceedings brought against such carrier and if a contract has. been made with such carrier by or through the President for the conduct of litigation arising out of operation during federal control. If no such contract has been made process may be served upon such agents or officers as may be designated by or through the President. The agent designated by the President under subdivision (a) shall cause to be filed, upon the termination of federal control, in the office of the clerk of each district court of the United States, a statement naming all carriers with whom he has contracted for the conduct of litigation arising out of operation during federal control, and a like statement designating the agents or officers upon whom process may be served in actions, suits, and proceedings arising in respect to railroads * * * with the owner of which no such contract has been made.”
 

 The federal Transportation Act of 1920, Section 206, is not a jurisdictional act, beyond restoring to litigants the right to- seek redress in such courts as would have been available to them but for the taking over of the transportation systems by the federal government, but is a statute of limitation.
 
 *641
 
 limiting the period within which suits against the federal government, brought under favor of that section, may be maintained, specifically providing in section (a):
 

 “•Such actions, suits, or proceedings may, within the periods of limitation now prescribed by state or federal statutes but not later than two years from the date of the passage of this act, be brought in any court which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier.”
 

 While it is true that when this cause of action accrued, under the provisions of Section 11273, General Code, as then existing, this action might have been instituted in any county through or into which any line of such road extended, the amendment of April 6, 1921 (109 O. L. 81), limited the jurisdiction of courts to entertain actions against railroad companies for injury to property to the counties “in which the cause of action or some part thereof, arose, or in the county in which the claimant for injuries to * * * property * * * resides at the time when the cause of action arose, if the road or line of such # * * company or any part thereof be located in such county. If no part of such * * * road be located in such county, then such actions may be brought in the county in which any part of such road * * * is located, nearest the place where the claimant for injuries to * * * property
 
 * * *
 
 so resided. ’ ’
 

 This action was not begun until subsequent to the taking effect of the amendment, and the amendment not being such as to deprive the plaintiff
 
 *642
 
 in error of Ms riglit of action, but simply one limiting the number of forums wMch he may seek, is applicable to the time he instituted his action rather than to the time when the cause of action arose.
 

 Subdivision (b) of Section 206 of the Transportation Act relates to process only and does not attempt to either extend or abridge the jurisdiction of any court.
 

 While it is the contention of the plaintiff in error that the action is upon contract rather than in tort, the averment of his petition is that “by reason of the negligence of the Director General of Railroads said tank car W. R.
 
 G. X. No.
 
 101 was not returned to the use of plaintiff until December
 
 12, 1918,” and
 
 a similar averment is made as to the other car, “that said tank cars were detained from the use of plaintiff a total of six hundred and fifty (650) car days * * * that as to both they were unreasonably detained five hundred and ninety (590) car days, * * * all of which was in violation of the obligation of the said Director General to promptly return said cars; * * * that the value, of the use of said tank oars during said time was five dollars ($5.00) per car per day # * in which amount plaintiff was damaged and for which he asks judgment * * No contract is pleaded. The obligation to return the cars in a reasonable time may probably be inferred from the language of the petition, but the gist of the action is the loss of the use of the cars, for which the defendant in error may be compelled to respond regardless of whether the period such
 
 *643
 
 cars were retained was in excess of a reasonable time or was but a reasonable time.
 

 Had the Director General failed to compensate tbe plaintiff in error for the loss of the contents of the cars, and the damage to the cars, it would not be contended that an action in tort would not lie for the loss of the contents, damages to the cars and loss of the use of the cars.
 

 The situation is not changed by reason of the fact that the Director General voluntarily compensated the plaintiff in error for the loss of contents and damage to ears.
 

 In the case of
 
 Cincinnati, S. & C. Rd. Co.
 
 v.
 
 Cook,
 
 37 Ohio St., 265, McIlvaine, J., in his opinion at page 273, stated: “The wrongful taking of another’s property is an injury to the property.”
 

 Bouvier defines “injuries to personal property” as “the unlawful taking and detention thereof from the owner.” That definition epitomizes plaintiff in error’s case here.
 

 In the case of
 
 McIntyre
 
 v.
 
 Kavanaugh,
 
 242 U. S., 138, 37 Sup. Ct., 38, 61 L. Ed., 205, it was declared:
 

 “To deprive another of his property forever by deliberately disposing of it without semblance of authority is certainly an injury thereto within common acceptation of the words.”
 

 In the case of
 
 Lamb, Rec’r.,
 
 v.
 
 Howard,
 
 145 Ga., 847, 90 S. E., 63, the statute under consideration provided that “all railroad companies shall be sued in the county in which the cause of action originated, by any one whose person or property has been injured by such railroad company,” and the court in reaching its conclusion declared:
 

 “We are of the opinion that the unlawful con
 
 *644
 
 version of property is an injury to tlie property within the meaning of those terms as employed in the Code section fixing venue of suits in certain cases against railroad companies.”
 

 Judgment affirmed.
 

 Matthias, Day, and Allen, JJ., concur.
 

 Wanamaker and Jones, JJ., not participating.