made, Mrs. Walczynski conveyed to Karol Ploszcyczynski for valuable consideration, the property in question.

Kabala instituted an action in the Lucas Common Pleas to set aside the alleged fraudulent conveyance and also the subsequent conveyance to Ploszczynski by Mrs. Walczynski. The Court below found in favor of the defendant Ploszczynski and rendered judgment accordingly. Error was prosecuted and the Court of Appeals held:

1. It clearly appears that the conveyance by Walczynski to his wife was made with actual intent to defraud Kabala of any claim she might have growing out of her personal injury.

2. There is a dispute however, of the defendant's good faith in purchasing the property in question from the fraudulent grantee.

3. One who purchases the land of a fraudulent vendor from a fraudulent vendee for a valuable consideration in good faith and without notice of fraud or of the rights of creditors acquires a title which is good not only as against general creditors, but against a creditor who obtained a judgment against the fraudulent vendor and levied an execution upon that vendor's lands after the fraudulent sale and prior to the bona fide purchase. 51 OS. 56.

4. One is not a purchaser in good faith who has actual or constructive knowledge of the fraud.

5. From the evidence adduced in the instant case it tends to show that the defendant previous to the time he purchased the property, was told he should be careful, that something must be wrong somewhere; that he had knowledge of Kabala's claim for damages and of the conveyance by Walczynski to his wife; and that he was asked to help the Walczynski's in their misfortune.

6. This knowledge and information was sufficient to put an ordinarily prudent person upon inquiry; and the facts disclosed are sufficient to warrant the inference that the inquiry, with the exercise of ordinary care, would have revealed the fraud.

Judgment reversed.

Attorneys—Stanley A. Grzezinski and Chester A. Meck for Kabala; Fritsche, Kruse & Winchester for Ploszczynski; all of Toledo.

---

No. 432

STATE ex CIN. N. O. & T. P. RY. CO. v. ROETTINGER, Judge et

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2837. Decided March 8, 1926

1017. REMEDIAL RIGHTS—Writ of prohibition will not be issued where adequate remedy exists at law, as an error proceeding.

1237. VENUE—Sec. 11273 GC. is a venue statute, and not one limiting jurisdiction of Common Pleas.

CUSHING, J.

The St. Louis, Troy and Eastern Railroad Co. brought an action in the Hamilton Common Pleas against the Cincinnati, New Orleans and Texas Pacific Railway Co., claiming damages for delay in a shipment of coal.

The Pacific Ry. Co. answered and pleaded one of the conditions in the bill of lading as an excuse for the delay. A motion was also filed by said defendant to dismiss the action because it was not brought in the county in which the cause of action arose. Judge Roettinger overruled the motion and set the time for hearing the case.

The plaintiff-in-error brought the present action in the Court of Appeals against Judge Roettinger and the other judges of the Hamilton Common Pleas Court, seeking to prohibit them or any of them from hearing or trying the cause. The writ of prohibition was claimed by virtue of 11273 GC. as amended in 109 OL. 81. The Court of Appeals held:

1. Section 11273 GC. is not a statute limiting jurisdiction of the Courts of Common Pleas in trial of certain causes of action; but is a venue statute.

2. In transitory actions, the venue may be laid in any county the plaintiff chooses. That is, he may bring suit wherever he may find the defendant, and lay his cause of action there even though the cause of action arose in a foreign jurisdiction.

3. A writ of prohibition should not issue unless it is shown that the party does not have adequate remedy, either in law or in equity; and unless the court had no jurisdiction of the subject matter.

4. A writ of prohibition will not be awarded to prevent an anticipated erroneous judgment, as an adequate remedy is available by proceedings in error. State ex. Cormody v. Justice, 4 Abs. 113.

5. The plaintiff-in-error has an adequate remedy at law, in an error proceeding.

Writ denied.

Attorneys—Harmon, Colston, Goldsmith, & Hoadly for State ex; Hightower, O'Brien & Porter for Roettinger et; all of Cincinnati.