## DONOHUE v. WATSON.

(Supreme Court, Appellate Term. May 4, 1911.)

1. CORPORATIONS (§ 431*)—UNDISCLOSED AGENCY OF MANAGER—LIABILITY OF MANAGER.

     While an agent may be held liable personally where he does not disclose his agency, no express words disclosing his agency are necessary to absolve him from liability, especially where he could reasonably believe that the other contracting party knew the real facts, so that, where plaintiff came uninvited to the office of a corporation bearing signs disclosing that fact and the name of the manager as such, and transacted business with the manager, he could not claim that the manager's agency was not disclosed, and hold him individually liable under the contract.

     [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1742; Dec. Dig. § 431.*]

2. EVIDENCE (§ 246*)—ADMISSIONS BY ATTORNEYS.

     In an action on a contract against one as an undisclosed agent, the exclusion of a series of letters written by attorneys some years before in an attempt to collect the amount due from the agent's principal was proper, where it did not appear that such attorneys were actually employed by plaintiff; the mere fact that they had some conversation with plaintiff being insufficient to show authority.

     [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 945–949; Dec. Dig. § 246.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Patrick J. Donohue against Jabez C. Watson. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Walter L. Bunnell and James B. Butler, for appellant.
Hoerner & Miller, for respondent.

LEHMAN, J.  The plaintiff has recovered a judgment for the agreed price of lumber which he alleges that he sold to the defendant more than four years before the bringing of the action. The defendant denied that he had any transactions with the plaintiff, by which he agreed expressly or impliedly to pay for such lumber, either personally or on behalf of the Long Dock Mills & Elevator Company, a corporation of which he was the manager; but the real issue litigated was whether or not, in his dealings with the plaintiff, he disclosed the fact that he was acting as agent for the corporation.

It is not disputed that the lumber furnished by the plaintiff was used in raising a dock owned by the corporation, and that the defendant had no personal interest in it. It is not disputed that at that time the plaintiff was dumping earth and filling in the ground near that dock under a privilege obtained from the defendant. It is also not disputed that the plaintiff asked this privilege at the corporation's principal place of business, where the defendant was employed. The defendant states that he then expressly told the plaintiff that the dock belonged to the corporation, and that the corporation would give the plaintiff the privilege under certain conditions. There was a sign on the top of the building reading, "Harlem Branch of Long Dock Mills & Elevator, J. C. Watson, Mgr.," and a sign on the door of the office, "Office of the Long Dock Mills & Elevator Company." It further appears that the lumber for which payment is sought was carted away by the corporation employés in wagons bearing the corporation sign. None of this testimony is directly denied by the plaintiff, who contents himself with the statement that he did not see the signs or know of the corporation's existence, and understood that he was dealing with the defendant as an individual.

[1] While it is settled law that an agent may be held liable personally where he does not disclose his agency, it seems to me obvious that where a person comes uninvited to a corporate office, which bears signs disclosing the corporate identity and the name of the manager, and then transacts business with that manager, he cannot claim that the manager's agency has not been disclosed. No express words disclosing the agency are necessary, especially where the agent could reasonably believe that the other contracting party knew the real facts. It seems to me that the verdict of the jury rests upon a misapprehension either of the law or the testimony, and must be set aside.

[2] The appellant also claims that the trial judge improperly excluded a series of letters written by various attorneys some years before in an attempt to collect the price of the lumber from the corpo-

ration. If these letters were written by attorneys authorized to collect the claim, then they contain admissions of great force. Nevertheless, I think that they were correctly excluded, because the defendant failed to show that the attorneys were actually employed by the plaintiff. The mere fact that they had some conversation with the plaintiff is insufficient to show authority.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.