### 44634. SOUTHERN RAILWAY COMPANY v. PRUITT.

ARGUED SEPTEMBER 8, 1969—DECIDED FEBRUARY 5, 1970—
REHEARING DENIED MARCH 31, 1970—

*Robinson, Thompson, Buice & Harben, Emory F. Robinson,* for appellant.

*Merritt & Pruitt, Glyndon C. Pruitt,* for appellee.

JORDAN, Presiding Judge. We affirm. The venue of an action against a railroad company is the "county in which the cause of action originated." *Code* § 94-1101. While the first suit was brought in Gwinnett County where the cause of action

originated, it was dismissed by the City Court of Buford on the ground that the collision complained of occurred outside the territorial limits of that court. While we think this was an erroneous conclusion, that order was unappealed from and is not the subject of review here. Even so, under the holdings in *Atlanta, Knoxville &c. R. Co. v. Wilson,* 119 Ga. 781 (47 SE 366) and *Lamb v. Howard,* 150 Ga. 12 (102 SE 436), the suit, though dismissed for lack of jurisdiction, tolled the statute of limitation during the time the action was there pending and six months thereafter.

The renewal statute (*Code Ann.* § 3-808) is remedial in nature and should be liberally construed. As was pointed out in *Atlanta, Knoxville &c. R. v. Wilson,* supra, at p. 786, "In selecting Cobb county as the venue in which her action was to be tried the plaintiff made a mistake, but was not guilty of such laches as to warrant the defendant in insisting that nothing had been done to interrupt the running of the statute. Section 3786 of the Civil Code [of 1895, now *Code Ann.* § 3-808] was intended to afford relief from such mistakes, accidents, and errors. If the plaintiff had brought her suit properly, there would have been no occasion to discontinue. When the reason for discontinuance appeared, or was determined by the court, the statute allowed a renewal for the very purpose of avoiding the result of the error. The mistake cannot, then, be relied on to prevent the right to renew. Unless the case is an absolute nullity, the defective or improper suit may be used to nurse the cause of action into full life in the proper form and forum."

The appellant relies on such cases as *McClendon & Co. v. Hernando Phosphate Co.,* 100 Ga. 219 (28 SE 152) and *McFarland v. McFarland,* 151 Ga. 9 (105 SE 596), to the effect that the renewal statute applies only where a "valid suit has been pending and subsequently dismissed." This line of cases deals primarily with suits void for want of service, nonpayment of costs, or void for similar reasons. The reasoning in these cases is not applicable to the facts in this case. See the discussion in the *Atlanta, Knoxville &c. R. v. Wilson* and *Lamb v. Howard* cases, supra, which clearly distinguish this line of authority from the factual situation existing here. See also *Cutliffe v.*

*Pryse,* 187 Ga. 51 (200 SE 124), citing and distinguishing cases which have been held void and those held to be "voidable—not wholly void."

*Judgment affirmed. Hall and Whitman, JJ., concur.*