45394. BALDWIN v. HAPPY HERMAN'S, INC. et al.

BELL, Chief Judge. On the second appearance of this case, we reversed the judgment entered against the defendant, The Lamas Company, Inc., on the grounds that the lower court erroneously substituted this corporation as a defendant; that it had never been served with process; and accordingly, the judgment against it was void. *Lamas Company v. Baldwin,* 120 Ga. App. 149 (169 SE2d 638). Certiorari was denied by the Supreme Court on October 1, 1969. 120 Ga. App. 886. Thereafter in October, 1969, the plaintiff, Baldwin, filed a motion to add the corporation as a defendant. Service of process was made upon it on December 11, 1969. The trial court on December 18, 1969, granted plaintiff's motion making the corporation a party defendant. This defendant filed a motion to dismiss on the grounds that the complaint failed to state a claim agianst it upon which relief can be granted and that the complaint shows on its face that the claim is barred by the statute of limitation. The motion was granted on both grounds. The original complaint sought recovery in contract for work performed from April 13 to August 19, 1965. *Code* § 3-706, provides for a four-year period of limitation in this type action. Plaintiff on appeal only argues the issue of the running of the statute of limitation. He contends that the prior appeals by the defendant in this case tolled the statute. Plaintiff relies on the Supreme Court decisions in *Atlanta, Knoxville &c. R. Co. v. Wilson,* 119 Ga. 781 (47 SE 366) and *Lamb v. Howard,* 150 Ga. 12 (102 SE 436) and our recent decision in *Southern R. Co. v. Pruitt,* 121 Ga. App. 530 (174 SE2d 249) as authority for his position. These cases all considered a construction of the renewal statute *(Code Ann.* § 3-808) and are clearly distinguishable from the factual situation existing here as the renewal statute and those cases only apply to voidable suits, and not to those wholly void. *Cutliffe v. Pryse,* 187 Ga. 51 (1) (200 SE 124). Our last decision established as the law of the case that the judgment entered against this defendant was void. A void judgment is an absolute nullity and it does not prevent the running of the statute. *Williamson v. Wardlaw,* 46 Ga. 126; *Edwards v. Ross,* 58 Ga.

147. As no valid action was ever commenced by plaintiff against this defendant within the period of limitation, plaintiff is barred and the judgment below is

*Affirmed. Quillian and Whitman, JJ., concur.*

ARGUED JUNE 1, 1970—DECIDED SEPTEMBER 9, 1970—REHEARING DENIED SEPTEMBER 29, 1970—

*Peek, Whaley & Haldi, Glenville Haldi,* for appellant.

*Richardson, Chenggis & Constantinides, Platon P. Constantinides,* for appellees.