## 47997. LAMAS v. BALDWIN.

EVANS, Judge. Frank Baldwin sued Arthur A. Lamas and Happy Herman's, Inc. for electrical work performed upon the business establishment of the latter. Lamas was the general contractor that employed Baldwin to perform the electrical work.

This is the fourth appearance of this litigation in this court. See *Lamas Co., Inc. v. Baldwin,* 118 Ga. App. 437 (164 SE2d 236); s. c., 120 Ga. App. 149 (169 SE2d 638); *Baldwin v. Happy Herman's, Inc.,* 122 Ga. App. 520 (177 SE2d 814). However, none of these cases has any bearing on the issues now before the court.

---

[1]Shakespeare, King John, Act III, Sc. 1.

On June 5, 1972, the original suit came on to be heard, was called in its order, and as there was no appearance of the plaintiff, same was dismissed without prejudice for want of prosecution. Judgment was rendered in favor of the defendant and against plaintiff for the costs of court. The foregoing judgment of dismissal was rendered by a judge pro hac vice who was serving in the absence of the regular judge.

On August 24, 1972, the plaintiff filed a motion to have the case reinstated and to set aside the dismissal for want of prosecution. This motion came on for hearing on December 1, 1972, before Honorable Thomas L. Camp, Chief Judge of the Civil Court of Fulton County. The judgment of dismissal was vacated and set aside because said dismissal for want of prosecution by a judge pro hac vice was adjudged to be not legally binding. The defendant appeals. *Held:*

*In any case pending* the Chief Judge of the Civil Court of Fulton County may appoint any qualified attorney to act as judge pro hac vice *whenever it is necessary by reason of the disqualification of any judge in that court.* The judge pro hac vice shall proceed to exercise all functions of a judge *in that case.* Ga. L. 1950, pp. 2479, 2481. There is absolutely no authority for an attorney at law to act as judge pro hac vice in the Civil Court of Fulton County unless he is appointed to act in the place of *a judge of that court who is disqualified.*

There are various methods by which one judge may sit for another in the several courts of this state, particularly to replace a judge or judges absent for providential cause or otherwise unable to preside. In this court judges of the various city courts (now state courts) in the state may be requested to serve by the chief judge (Sec. 15, above law, supra), or judges emeritus of that court may be requested to serve (Ga. L. 1963, p. 3306).

In the case sub judice, a judge pro hac vice was appointed to serve because of the *providential absence of certain*

*judges,* and not because of *disqualification* of another judge in that court. Thus the appointment, on its face, was void, and the action of the judge pro hac vice in dismissing the suit for lack of prosecution was an absolute nullity.

There is some question as to the difference between the old law and the new law as to method of attacking a void judgment. Formerly, Code § 110-701 provided: "A void judgment may be attacked in any court and by any person." But this statute was repealed and Code Ann. § 81A-160 (a) enacted in its place, which provides: "A judgment *void on its face* may be attacked in any court by any person . . ." (emphasis supplied), which is followed by Code Ann. § 81A-160 (b) as follows: "A judgment may be attacked by motion for new trial, *motion to set aside,* or by complaint in equity. " (emphasis supplied), which is followed by Code Ann. § 81A-160 (d): "A motion to set aside must be predicated upon some non-amendable defect which does appear *on the face of the record* or pleadings." (Emphasis supplied). CPA § 60 (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240). The substance of these three statutes is that a void judgment may be attacked by motion to set aside for a non-amendable defect which appears, not just on the face of the judgment, but also if it appears on the "face of the record or pleadings."

In the case sub judice the defendant moved to set aside the judgment, as authorized by the above statutes, because the face of the record showed that the judge pro hac vice had been appointed illegally, and without authority, in that he was not appointed for a *disqualified* judge, but for a judge who was merely *absent.* In *Garland v. State,* 110 Ga. App. 756, 757 (140 SE2d 46) this court held that a disqualified judge, "can perform no judicial act in relation to the case, and that if he attempts to do so the result is a nullity," citing a number of Supreme Court decisions. Here we have an

attorney who, under the status of the proceedings, was without any authority whatsoever to serve as judge, and yet he dismissed this case. The record thus shows on its face that the "paper" signed by the alleged judge pro hac vice (judgment of dismissal) is an absolute nullity. See *State Mutual Life Ins. Co. v. Walton,* 142 Ga. 765 (3) (83 SE 656); *Dobbins v. City of Marietta,* 148 Ga. 467 (2) (97 SE 439); *Garland v. State,* 110 Ga. App. 756, 757, supra, and cits.

The chief judge of Civil Court of Fulton County did not err in setting aside the judgment of dismissal for want of prosecution and in reinstating this case when his attention was called to the complete lack of authority of the judge pro hac vice to serve.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*
ARGUED MARCH 6, 1973 — DECIDED APRIL 3, 1973.

*Richardson, Chenggis & Constantinides, Platon P. Constantinides,* for appellant.

*Peek, Whaley & Haldi, Glenville Haldi, J. Robert Hardcastle,* for appellee.