## 49774. COLLINS v. FRANKLIN et al.

PANNELL, Presiding Judge.

The injury upon which the present action is based occurred on May 30, 1971, and suit was brought on July 25, 1972. The plaintiffs having failed to appear at a pre-trial conference after a notice was mailed, the trial judge upon motion of the defendant dismissed the complaint for lack of prosecution by order entered on March 12, 1973, and on May 31, 1973, the case was reinstated, upon motion by plaintiffs.

The defendant contends, in his motion for judgment on the pleadings, which was overruled by the trial judge, that the statute of limitation of two years for a tort action for personal injuries ran while the case was dismissed, the reinstatement having occurred after two years had expired from the date of injury. The trial judge's order, upon which this appeal is based, contains additional facts disclosing his reasons for dismissal and reinstatement. It

reads as follows:

"This case came before the Court for a pre-trial conference at which time there was no response on behalf of the plaintiffs or counsel for the plaintiffs and the case had previously been on other calendars at which there had been no response by counsel for the plaintiffs or by the parties. At the time it came on for a pre-trial conference the defendant was represented by Lynn Downey, Attorney, and after waiting for an appropriate period of time a motion was made to dismiss plaintiff's petition for failure to appear at the conference with counsel for defendant stating that he had attempted to reach counsel for plaintiffs on numerous occasions and had received no response to his correspondence and had been unable to reach plaintiffs' attorney by telephone and that if there was providential reason for the failure to appear then defendant would not object to a reinstatement of the petition. Thereupon, defendant's motion to dismiss plaintiffs' complaint was granted and same was dismissed.

"Thereafter a motion was filed with the Court for reinstatement of the complaint with plaintiffs' present counsel making the motion and attaching correspondence showing that plaintiffs' former counsel was serving in the United States Army and was stationed in South East Asia and that counsel had no notice of the hearing until after the date thereof when he received the notice at his post of service.

"The Court upon the foregoing motion reinstated plaintiffs' petition and the case is now before the Court upon defendant's motion for a judgment on the pleadings wherein defendant contends that the Court was without power to reinstate the complaint and that the complaint is now barred by the Statute of Limitation.

"It, therefore, appearing on the face of the pleadings defendant is not entitled to the relief sought in its motion, it is hereby ordered, considered and adjudged that the motion for judgment on the pleadings be and same is hereby denied." *Held:*

The complaint having been filed on July 25, 1972, and then dismissed March 12, 1973, tolled the statute of limitation for that period of time (*Southern R. Co. v.*

*Pruitt,* 121 Ga. App. 530, 174 SE2d 249) and the reinstatement was within the period of the statute of limitation. It appears, therefore, that should we assume the reinstatement did not relate back to the original filing of the complaint, the statute has not run. The trial judge was correct in so ruling, and in overruling the motion for judgment on the pleadings of the defendant.

*Judgment affirmed. Evans and Webb, JJ., concur.*

ARGUED OCTOBER 2, 1974 — DECIDED JANUARY 6, 1975 — REHEARING DENIED JANUARY 27, 1975 — ▮

*Downey, Cleveland & Moore, John H. Moore,* for appellant.

*Ward & Wyatt, Felker W. Ward, Jr., Thelma L. Wyatt,* for appellees.