52411. LAMAS v. BALDWIN.
52412. BALDWIN v. HAPPY HERMAN'S, INC. et al.

CLARK, Judge.

This appeal and cross appeal mark the fifth time this case has come to our court during almost ten years of litigation.[1] It commenced on November 30, 1966, when plaintiff, Frank Baldwin d/b/a Baldwin Electric Company, sued Happy Herman's, Inc. and Arthur Lamas for electrical work performed in 1965 upon premises occupied by "Happy Herman's." In suing Lamas as an individual, plaintiff alleged he was a general contractor operating under the name of "Lamas Construction Company." Plaintiff's suit was in two counts, one alleging an express contract and the other quantum meruit.

At the conclusion of the first trial Lamas moved that he be stricken as a party defendant. The court, sitting without a jury, rendered an order striking Lamas as a party, substituting The Lamas Company, Inc. as a party in his place, and awarding judgment for plaintiff against The Lamas Company, Inc., and Happy Herman's, Inc. for $5,409.41 and $716.85 respectively. On appeal, this court reversed the judgment against The Lamas Company, Inc. because the trial court erred in substituting the corporation. In reversing, this court said that "[n]otwithstanding that Lamas may have been sole owner of the Lamas Company, the court was without jurisdiction of the corporation and the judgment against it was void." *Lamas Co. v. Baldwin,* 120 Ga. App. 149, 150 (1) (169 SE2d 638). The judgment against Happy Herman's, Inc. was affirmed. Our court also remanded the case for a new trial on the cross appeal because the trial judge had stricken Lamas individually as a party without making an adjudication as to him on the merits.

---

[1] The trial judge used these descriptive words: "this tired and weary case."

Certiorari was denied by the Supreme Court on October 1, 1969, and thereafter during October 1969 plaintiff filed a motion to add The Lamas Company, Inc., as a defendant. Following service upon that corporation, the trial court granted this motion. But it was too late; the statute of limitation had run and the claim against the corporation was barred. *Baldwin v. Happy Herman's, Inc.,* 122 Ga. App. 520 (177 SE2d 814).

After one more detour (*Lamas v. Baldwin,* 128 Ga. App. 715 (197 SE2d 779)), plaintiff's case proceeded to trial against Lamas alone to determine if he was liable individually. From a voluminous trial transcript of 343 pages, we summarize the salient evidence:

The Lamas Company, Inc., had been doing business as a corporation since its charter had been obtained in 1958. All statutory requirements applicable to corporations had been regularly complied with. The business licenses were obtained in the corporate name. Lamas had at no time been engaged individually in the construction business. The corporation had entered into an agreement with Happy Herman's, Inc., to renovate the latter's business establishment. William Dotson had been engaged by the general contractor to perform the electrical work. When it was learned that Dotson was unable to complete the subcontract, the plaintiff was contacted.

Plaintiff met with Lamas at the job site. The building permit at the site showed The Lamas Company, Inc., as the general contractor. Moreover, a large sign reading "Construction by The Lamas Company, Inc." adorned the construction site. Plaintiff testified he looked at the building permit but that he could not remember the name of the general contractor thereon. Plaintiff further testified that he did not know Lamas was representing the corporation when the meeting took place; that Lamas did not inform him that he was acting on behalf of the corporation; that he orally agreed to complete the electrical work which Dotson had begun; and that he understood that he contracted with Lamas individually. Lamas testified that he himself was not the general contractor and that he did not engage in the construction business as an individual.

Plaintiff's wife worked in plaintiff's business office as a bookkeeper. Shortly after the work had progressed, she called the general contractor to learn how it should be billed by plaintiff. She was told that the bills should be sent to The Lamas Company, Inc. Plaintiff's statements therefore were addressed to the corporation. Lamas was never billed personally for plaintiff's work. Partial payments made to plaintiff were made on checks bearing the name "The Lamas Company, Inc." as payor.

At the conclusion of the trial, the court, sitting without a jury, ruled that plaintiff had contracted with Lamas individually and that Lamas was liable to plaintiff in the amount of $5,409.41 principal plus $3,218 interest and costs. This appeal and cross appeal followed.

1. *The Main Appeal.* In the main appeal, defendant Lamas contends the court erred in entering judgment against him. We agree.

Ordinarily, findings of fact by trial courts sitting without a jury are binding on appeal. *Brook Forest Enterprises, Inc. v. Paulding County,* 231 Ga. 695 (203 SE2d 860). But, where findings of fact are "clearly erroneous," or wholly unsupported by the evidence, they may be set aside. Code Ann. § 81A-152 (a). See also *Spivey v. Mayson,* 124 Ga. App. 775, 777 (186 SE2d 154); *Ga. Dept. of Human Resources v. Holland,* 133 Ga. App. 616 (211 SE2d 635). And "If the court's judgment is based upon a stated fact for which there is no evidence, it should be reversed." *Pinkerton & Laws Co. v. Atlantis Realty Co.,* 128 Ga. App. 662, 665 (197 SE2d 749). The trial court's finding that plaintiff contracted with defendant individually is clearly erroneous.

It is settled law that an agent of a corporation may be held liable individually where he does not disclose his agency. *Dinkler Mgt. Corp. v. Stein,* 115 Ga. App. 586 (155 SE2d 442). But "[n]o express words disclosing the agency are necessary, especially where the agent could reasonably believe that the other contracting party knew the real facts." Donohue v. Watson, 72 Misc. 56 (128 NYS 1089). The attendant circumstances in this case are such that plaintiff cannot claim defendant's agency was not disclosed. Defendant could reasonably have believed that plaintiff knew the real facts by virtue of the building

permit and construction sign. Donohue v. Watson, supra. Moreover, the evidence shows that *during* the course of dealing plaintiff had actual knowledge that he contracted with The Lamas Company Inc. Compare *Johnson v. Spencer-Adams Paint Co.,* 123 Ga. App. 750 (182 SE2d 324). Shortly after plaintiff undertook to do the work, the corporate entity and the agency relationship of Lamas were disclosed upon plaintiff's express inquiry made through his wife as his bookkeeper. Plaintiff's statements were sent to the corporation; none of the billing was in the name of defendant Lamas personally. Compare Diamond Match Co. v. Crute, 145 Conn. 277 (141 A2d 247) wherein the corporation president made no attempt to have the plaintiff bill the corporation instead of himself. In sum, one cannot conclude that plaintiff did not have knowledge that he was dealing with a corporation, notwithstanding the fact that at the time of the contract he did not get that specific information from Lamas. Johnson v. Armstrong, 83 Tex. 325 (18 SW 594).

"[A] corporation . . . is an artificial person. . . This legal entity retains its separate and independent character, regardless of the ownership of its capital stock; and as such it can not be held liable for the obligations of a stockholder. Nor are the stockholders liable for the obligations of the corporation." *Independent Gasoline Co. v. Bureau of Unemployment Compensation,* 190 Ga. 613, 614 (10 SE2d 58), cert. den. 311 U. S. 707. "One person may own all the stock of a corporation, and still such individual shareholder and the corporation would, in law, be two separate and distinct persons." *Waycross A. L. R. Co. v. Offerman & W. R. Co.,* 109 Ga. 827, 828 (35 SE 275); *Shingler v. Shingler,* 184 Ga. 671, 672 (3) (192 SE 824). See also citations to this effect in *Lamas Co. v. Baldwin,* 120 Ga. App. 149, 150 (1), supra. And one who deals with a corporation as such an entity cannot, in the absence of fraud, deny the legality of the corporate existence for the purpose of holding the owner liable. 18 CJS 506, Corporations, § 109 (b) (3). Having dealt with the corporation as his debtor, plaintiff cannot claim defendant is personally liable for its debts. It is well settled that persons who contract with or otherwise deal with a company as a corporation are estopped to deny its

corporate existence. 18 CJS 504, Corporations, § 109; *City of Jefferson v. Holder,* 195 Ga. 346 (24 SE2d 187).

The evidence in this case does not reveal wrongdoing or bad faith on the part of defendant or the corporation. There was no attempt to evade contractual liability by fraud. There was no reason to disregard the separateness of the corporate entity. Plaintiff knew that he was dealing with a corporation.

2. *The Cross Appeal.* In the cross appeal, plaintiff contends the trial court erred in determining the amount of damages. In view of our ruling in the main appeal, the cross appeal is moot.

*Judgment reversed in case no. 52411 with direction to enter judgment for defendant; appeal dismissed in case no. 52412. Bell, C. J., and Stolz, J., concur.*

ARGUED JULY 12, 1976 — DECIDED SEPTEMBER 27, 1976 —
REHEARING DENIED OCTOBER 20, 1976 —

*Richardson, Chenggis & Constantinides, George G. Chenggis, Platon P. Constantinides,* for A. A. Lamas, etc. and Happy Herman's, Inc. et al.

*Glenville Haldi,* for Frank Baldwin, etc.