## 58942. RAKESTRAW v. BERENSON.

BIRDSONG, Judge.

Medical malpractice — wrongful death. The appellant Mr. Rakestraw, plaintiff below, brought suit against Dr. Berenson, appellee, asserting that through the negligent performance of the medical arts, Dr. Berenson caused the death of appellant's wife, Mrs. Rakestraw. The complaint alleges that the negligent acts occurred in August, 1974. Rakestraw originally brought his complaint in April, 1975. On May 24, 1977, the plaintiff caused the trial court to dismiss the complaint without prejudice. The suit was reinstituted by the plaintiff Mr. Rakestraw on April 16, 1978, almost eleven months after the suit was dismissed without prejudice and almost four years after the asserted tortious conduct.

Dr. Berenson moved for dismissal based upon the running of the statute of limitation as a bar to the litigation. This motion was granted and forms the basis of this appeal. *Held:*

Relying primarily on certain ambiguous language in *Collins v. Franklin,* 133 Ga. App. 770, 771 (213 SE2d 4), Mr. Rakestraw argues that the statute of limitation (a period of two years for tortious conduct (Code Ann. § 3-1004 and Code Ann. § 3-1102)) was tolled while his suit was pending from April, 1975 until May, 1977. The argument continues that because the original suit was brought within eight months of the injury, there remained sixteen months within which to reinstate the complaint without encountering the bar of the statute of limitation. Thus, because the suit was reinstated eleven months after it was voluntarily dismissed, Rakestraw argues that the trial court erred in dismissing the suit as being barred by the statute.

We consider this argument ingenious but incorrect. The contention involves an unwarranted tolling of the statute of limitation. The statute of limitation begins to run on the date of the tortious conduct. It continues to run until its running effects a bar to any action based upon that misconduct. Logically, if a complaint is filed within the time allotted by statute (in this case two years), any limitation on the action is thrust into a legal limbo, in that the statute continues to run but has no tolling effect upon the pending action. See *Moore v. Tootle,* 134 Ga. App. 232, 233 (214 SE2d 184). Thus so long as the case is pending the statute of limitation has no tolling effect.

Code Ann. § 3-808 (the renewal statute) however, recognizes that for one reason or another it may be imperative for a plaintiff litigant to remove his suit in order to perfect his pleading, either to add parties, move to another jurisdiction, or for other good legal reason. The necessity for that removal may not become apparent until after the statutory time allotted for the particular type of legal action has elapsed. In order to protect the right of action, Code § 3-808 allows a voluntary dismissal of the action after the statutory time has run, provided the refiling is within a six-month period following the dismissal. The same reasoning applies if the plaintiff is

nonsuited after the running of the statutory period but refiles within the six months granted by Code § 3-808. However, the right of renewal comes into play only if the case would otherwise be barred by the statute of limitation. *Powell v. Fidelity &c. Co.,* 48 Ga. App. 529 (3) (173 SE 196). See *Hackney v. Asbury & Co.,* 124 Ga. 678 (52 SE 886); *Floyd & Lee v. Boyd,* 16 Ga. App. 43 (4) (84 SE 494).

Appellant's argument that the second filing related back and placed his suit into the same status as the first is without merit. That favorable position applies only where the second filing is within the original period of limitation or within the six additional months granted by Code § 3-808 and where the original suit is nonsuited or voluntarily dismissed after the period of limitation has expired. *Moore v. Tootle,* supra, p. 234.

In *Collins v. Franklin,* supra, at p. 771, this court held: "The complaint having been filed on July 25, 1972, and then dismissed March 12, 1973, tolled the statute of limitation for that period of time [cits.] and the reinstatement was within the period of the statute of limitation. It appears, therefore, that should we assume the reinstatement did not relate back to the original filing of the complaint, the statute has not run." The facts of that case reflect that the tortious conduct of which complaint was made occurred on May 30, 1971, and suit was filed on July 25, 1972, well within the two-year period allowed. The suit was dismissed on March 12, 1973, for lack of prosecution and reinstated on May 31, 1973, one day past the two-year statute but still well within the six month time allowed for refiling after the involuntary dismissal. *Collins,* supra, relied on *Southern R. Co. v. Pruitt,* 121 Ga. App. 530, 531 (174 SE2d 249) wherein it was stated ". . . the suit, though dismissed for lack of jurisdiction, tolled the statute of limitation during the time the action was there pending and six months thereafter." However, as in *Collins,* supra, the renewal statute was properly invoked in *Southern R. Co.,* supra, in that the suit was reinstituted within six months of the dismissal for lack of jurisdiction. Thus, assuming that the language utilized was maladroit, the result was proper. Moreover, we conclude that the language, though inartfully expressed in both

*Collins* and *Southern R. Co.,* supra, merely stated the application of the renewal statute. Otherwise, if the cases stood for the proposition that the statute of limitation was "tolled" during the pendency of the suit prior to its dismissal, any reference to the "six months thereafter" is a redundancy.

Nevertheless, in order to clarify any ambiguity in the language in *Collins,* supra, or *Southern R. Co.,* supra, that implies as authorized a subtraction of time from the statutory period equal to the length of time the case had been pending trial, we find such language to be obiter dictum. We conclude such language tends to imply a principle of law inconsistent with a proper tolling of the statute of limitation and to that extent only that implication is expressly overruled.

In this case, appellant Rakestraw filed his original complaint well within the two-year period following the asserted tortious conduct. While the case was pending, the two-year period expired. Upon the voluntary dismissal of his complaint, Rakestraw had six months in which to refile and place his new suit upon the same footing as the original suit. He did not refile until the expiration of eleven months. In such circumstances, the trial court properly ruled that the action was barred by the statute of limitation and did not err in granting a dismissal to Dr. Berenson on that ground.

*Judgment affirmed. Deen, C. J., Quillian, P. J., McMurray, P. J., Smith, Shulman, Banke, Carley and Sognier, JJ., concur.*

SUBMITTED NOVEMBER 20, 1979 — DECIDED FEBRUARY 18, 1980.

*Eugene R. Kiser,* for appellant.
*Daryll Love,* for appellee.