67175. STEVENS v. FAA'S FLORIST, INC. et al.

BIRDSONG, Judge.

This appeal arises from the trial court's grant of appellee's motion to dismiss this action based on fraud arising out of the sale of securities. The dismissal was premised on the alleged applicable statutes of limitation, OCGA §§ 10-5-14 (c) (Code Ann. § 97-114), 9-3-26 (Code Ann. § 3-711). Appellant's sole enumeration of error relates to the court's determination that the action was barred by any applicable statute of limitation.

The facts relevant to the single issue on appeal are undisputed. The complaint was filed on June 15, 1982, and arose from appellees' alleged actions that occurred in 1975. Appellant initially filed suit against appellees in 1976. That suit was automatically dismissed on November 29, 1981, by virtue of the five year rule. OCGA § 9-11-41 (e) (Code Ann. § 81A-141). Consequently, this renewed action was not filed until six and one-half months after the automatic dismissal of the prior action. *Held:*

An action automatically dismissed pursuant to OCGA § 9-11-41 (e) (Code Ann. § 81A-141) may be refiled pursuant to OCGA § 9-2-61 (a) (Code Ann. § 3-808) within six months of the date of the automatic dismissal. *Allstate Ins. Co. v. Dobbs,* 134 Ga. App. 225 (213 SE2d

915). However, a plaintiff may not avail himself of the provisions of OCGA § 9-2-61 (a) (Code Ann. § 3-808) unless the renewed action is commenced within six months of the dismissal of the former action. *Milam v. Mojonnier Bros. Co.,* 135 Ga. App. 208 (217 SE2d 355). Appellant has admittedly failed to comply with the six month grace period.

Appellant's only challenge to the trial court's judgment is based upon the contention, rejected in *Rakestraw v. Berenson,* 153 Ga. App. 513 (266 SE2d 249), that the applicable statutes of limitation are literally tolled during the pendency of a lawsuit. As *Rakestraw* clearly delineates, the effect of the renewal statute is merely to treat a properly renewed action (i.e., an action renewed within six months of dismissal of the previous action) as standing "upon the same footing, as to limitation, with the original case." OCGA § 9-2-61 (a) (Code Ann. § 3-808). We are convinced that *Rakestraw* properly sets forth the law on this issue and should not be overruled. Nothing contained in either *Lamb v. Howard,* 150 Ga. 12 (102 SE 436), or *Atlanta &c. R. Co. v. Wilson,* 119 Ga. 781 (47 SE 366), both cited by appellant, contradicts *Rakestraw.* As was noted by the Supreme Court in *Lamb v. Howard,* supra, p. 19, any "tolling" effect accruing from the predecessor to OCGA § 9-2-61 (a) (Code Ann. § 3-808) applied only "so as to allow the bringing of a suit within six months after its [the previous action's] dismissal."

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 2, 1983.

*Harry W. Krumenauer,* for appellant.
*Carol E. Lee,* for appellees.