## 67864. CHINN v. MAXWELL et al.

Birdsong, Judge.

This appeal is from the trial court's grant of appellees' motion to dismiss based on the two-year statute of limitation applicable to this personal injury action. The automobile accident out of which this case arose occurred on April 29, 1981. Appellant initially filed suit against appellees on April 29, 1982. This case was voluntarily dismissed on April 25, 1983. The present action was filed on June 1, 1983. Held:

The trial court erred in granting appellees' motion to dismiss. The present action, although filed after two years had elapsed from the date of the accident, constituted a renewal of the former action, which was filed within the applicable statute of limitation. "If a plaintiff discontinues or dismisses his case and recommences the same within six months, the renewed case shall stand upon the same footing, as to limitation, with the original case." OCGA § 9-2-61 (a). In refiling her action, appellant has complied with the requirements of OCGA § 9-2-61 (a). Consequently, this action is not subject to dismissal on statute of limitation grounds.

Appellees' only argument on appeal in support of the trial court's judgment is based upon the contention that OCGA § 9-2-61 (a) applies only to cases in which the statute of limitation expires prior to the dismissal of the original suit. Thus, according to appellees, the statute is ineffective in cases such as this one, where the original suit is dismissed prior to the expiration of the statute but the renewed action is not instituted until after the expiration of the limitation period. Appellant bases his argument on a misreading of language contained in Brooks v. Douglas, 154 Ga. App. 54 (267 SE2d 495), and Rakestraw v. Berenson, 153 Ga. App. 513 (266 SE2d 249). No language contained in either of these cases should be read as support for the argument that OCGA § 9-2-61 (a) applies only when the original suit is dismissed after the expiration of the limitation period. In fact, this court in Rakestraw specifically approved of the holding in Collins v. Franklin, 133 Ga. App. 770 (213 SE2d 4). Collins involved a fact situation indistinguishable from the present case. As noted in Rakestraw, supra, p. 515: "the tortious conduct of which [the Collins] complaint was made occurred on May 30, 1971, and suit was filed on July

25, 1972. . . . The suit was dismissed on March 12, 1973 . . . and reinstated on May 31, 1973, one day past the two-year statute but still well within the six month time allowed for refiling after the involuntary dismissal. . . . Thus, assuming that the language utilized [in *Collins*] was maladroit, the result was proper."

We find no basis in law or reason for limiting the application for the renewal statute to situations in which the original suit is dismissed only after the running of the statute of limitation. As long as the original suit is filed within the limitation period and the action is properly renewed pursuant to the requirement of OCGA § 9-2-61 (a), the renewed action will not be barred by the statute of limitation.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

DECIDED MARCH 2, 1984.

J. Clinton Smith, Jr., Gary D. Sanders, for appellant.
J. Madden Hatcher, Jr., for appellees.