**Regero SAMPSON, Plaintiff,**

v.

**AT & T CORP. and Judith Ammons, Defendants.**

**No. CivA1:98–CV–724–ODE.**

United States District Court, N.D. Georgia, Atlanta Division.

July 13, 1998.

Michael Owen Crain, Pratt H. Davis, Crain & Davis, Athens, GA, for Plaintiff.

Randy C. Gepp, Joni C. Hamilton, Arrington & Hollowell, Atlanta, GA, for Defendants.

### ORDER

ORINDA D. EVANS, District Judge.

This civil action, in which Plaintiff asserts claims under federal employment discrimination statutes and state law, is before the court on the following motions: (1) Defendants' opposed motion for partial summary judgment; (2) Defendants' opposed motion requesting that the court take judicial notice of documents filed in a prior action brought by Plaintiff; and (3) Defendants' opposed motion requesting that the court consider their motion for summary judgment filed in the previous action.

On June 17, 1996, Plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Pursuant to that letter, Plaintiff, on September 13, 1996, filed a complaint in this court against AT & T Communications and Judith Ammons, the Defendants in this action. In his initial complaint, which was assigned to the undersigned and designated with Civil Action No. 1:96–cv–2366–ODE, Plaintiff asserted a federal claim under the Americans with Disabilities Act, and state law claims for intentional infliction of emotional distress, trespass, breach of legal duty, breach of private duty, and wrongful denial of benefits.

Following the close of the discovery period in the original action, Defendants, on May 14, 1997, filed a motion for summary judgment as to all of Plaintiff's claims. On August 14, 1997, however, and pursuant to a stipulation of voluntary dismissal between Plaintiff's original counsel and Defendants' counsel, the original action was dismissed without prejudice.

On February 13, 1998, and after retaining a different attorney, Plaintiff filed suit in the Superior Court of Fulton County, Georgia, once again naming as Defendants AT & T Communications and Judith Ammons, the same two Defendants named in the first-filed action. In the second-filed action, Plaintiff asserts federal claims under both the Ameri-

cans with Disabilities Act of 1990, as amended, ("ADA"), 42 U.S.C. §§ 12101–12213, and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601–2654, and a state law claim for intentional infliction of emotional distress. On March 6, 1998, Defendants removed this action to federal court.

In their motion for partial summary judgment, Defendants argue that Plaintiff's ADA claim must fail because it was not timely filed. The ADA incorporates by reference the procedural provisions of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") 42 U.S.C. §§ 2000e–2000e–17. *See* 42 U.S.C. § 12117(a). Under 42 U.S.C. § 2000e–5(f)(1), a plaintiff must file a civil action in federal court within ninety (90) days after receiving his right-to-sue letter from the EEOC.

Here, Plaintiff received his right-to-sue letter from the EEOC on June 17, 1996, and within ninety days thereafter, filed suit in federal court. Because, however, the ninety day statute of limitations period had already expired as of February 13, 1998, the date on which Plaintiff filed his second suit, Defendants argue that Plaintiff's ADA claim should be dismissed as untimely.

In response to this argument, Plaintiff maintains that O.C.G.A. § 9–2–61(a) renders the filing of his ADA claim timely. In relevant part, O.C.G.A. § 9–2–61(a) provides:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or, if permitted by the federal rules of civil procedure, in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later....

Under § 9–2–61(a), "[a]s long as the original suit is filed within the limitation period and the action is properly renewed pursuant to the requirement of O.C.G.A. § 9–2–61(a), the renewed action will not be barred by the statute of limitation." *Chinn v. Maxwell,* 170 Ga.App. 85, 86, 316 S.E.2d 546 (Ga.Ct.App. 1984).

In his brief in opposition to Defendants' motion for summary judgment, Plaintiff con-

cedes that if he had re-filed his ADA claim in federal court, the saving provision of § 9–2–61(a) would be ineffective to relate his new filing back to the original complaint. Plaintiff contends, however, that because he filed his second action in state court, and because state courts have concurrent jurisdiction with federal courts over ADA claims, § 9–2–61(a) rendered timely the ADA claim that he filed in February of 1998. Thus, the issue the court must address is whether the renewal provision of O.C.G.A. § 9–2–61(a) operates to save Plaintiff's ADA claim, a cause of action upon which Congress imposed a ninety day statute of limitation period. *See* 42 U.S.C. § 2000e–5(f)(1).

In his response in opposition to Defendants' motion, Plaintiff fails to cite any case law from this or any other circuit to support his position. Defendants, however, cite a number of cases, some of which, according to Defendants, stand for the proposition that "[w]here Congress has provided a federal statute of limitations for a federal claim, state tolling and saving provisions are inapplicable." (Defs.' Mot. for Partial Summ. J. at 6). After a review of the arguments and evidence presented by the parties, the court concludes that Plaintiff's ADA claim is time barred.

Although the United States Court of Appeals for the Eleventh Circuit has not addressed the issue before the court, the issue has been addressed by several other circuits. Specifically, in *Brown v. Hartshorne Pub. Sch. Dist. No. 1,* 926 F.2d 959 (10th Cir. 1991), the plaintiff brought suit under Title VII within ninety days of receiving her right-to-sue letter. Just before trial, however, plaintiff voluntarily dismissed her suit, only to re-file the same suit approximately one month later. After the district court held that plaintiff's Title VII claim was barred by the applicable statute of limitation period, plaintiff appealed, arguing that the Oklahoma renewal statute saved her cause of action under Title VII. In rejecting this argument, the Tenth Circuit stated:

> Brown argues that her filing of the most recent action was nonetheless timely through application of Oklahoma's saving statute. *See* Okla.Stat. tit. 12 § 100 (1981)

(plaintiff has one year from nonmerit dismissal of action to refile). When Congress has provided a federal statute of limitation for a federal claim, however, state tolling and saving provisions are not applicable. *Id.* 926 F.2d at 961 (citations omitted). *See also Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 n. 2 (8th Cir.1983) (stating "[b]ecause Title VII actions are governed by a federal statute of limitations, the Arkansas saving clause is inapplicable.").

Here, Plaintiff attempts to distinguish the above-cited cases by arguing that "in the cases Defendants cite . . . , the plaintiffs there appear to have re-filed their claims in federal court, not state court." Although Plaintiff's assertion is correct, the fact that a suit is re-filed in state court instead of federal court is a distinction without a difference. Stated differently, a saving statute that will not renew an untimely claim re-filed in federal court is equally useless in renewing an untimely claim re-filed in state court. Holding otherwise would produce nonuniform periods of limitation in federal employment discrimination cases, a result clearly not intended by Congress. Consequently, because Plaintiff re-filed her ADA claim after the ninety day statute of limitation period, a time frame expressly designated by Congress, the court holds that Plaintiff's ADA should be dismissed.

Having determined that Plaintiff's ADA claim should be dismissed, Plaintiff is left with a state law claim for intentional infliction of emotional distress, and a federal claim under the Family and Medical Leave Act. As for Plaintiff's intentional infliction of emotional distress claim, as mentioned, this claim was also presented in Plaintiff's first-filed lawsuit. Because Defendants addressed the intentional infliction claim in their motion for summary judgment filed in the initial suit, they now request that the court take judicial notice of the record in the original case, and foreclose the parties from taking discovery on Plaintiff's state law claim. As for the FMLA claim, which was not asserted by Plaintiff in the initial suit, Defendants request that discovery be allowed only as to this claim.

After considering the requests made by Defendants regarding the two remaining claims, the court concludes that Plaintiff should be allowed to conduct discovery on both the intentional infliction of emotional distress claim and the FMLA claim. Consequently, the court will deny Defendants' motion requesting that the court take judicial notice of documents filed in a prior action brought by Plaintiff, and Defendants' motion requesting that the court consider their motion for summary judgment filed in the previous action.

In accordance with the foregoing, Defendants' motion for partial summary judgment [# 8–1] is hereby GRANTED. Defendants' motion requesting that the court take judicial notice of documents filed in a prior action brought by Plaintiff [# 8–2] is hereby DENIED. Defendants' motion requesting that the court consider their motion for summary judgment filed in the previous action [# 8–3] is hereby DENIED.